# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Andrew Green and Shirley Green**, as legal guardians of **N.G.** (a minor child) and **Andreia Samoria Green** <br><br> Plaintiffs, <br><br> v. <br><br> **Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc.**; **Def Jam Recordings; Mr. Redan Music; BMG Rights Management (US), LLC** and **John Doe 1-25**; <br><br> Defendants. | C/A No. 2:19-cv-366-RMG <br><br> **Complaint** <br> (Jury Trial Demanded) |

Plaintiffs allege the following:

1. This is an action seeking compensation for Defendants' use of audio of N.G. (a minor child) "praying over" Plaintiff Andreia Samoria Green in Defendant Kanye West's 2016 song "Ultralight Beam".

## Parties, Jurisdiction, and Venue

2. Plaintiff Andrew Green is a citizen and resident of Fairfield County, South Carolina.

3. Plaintiff Shirley Green is a citizen and resident of Fairfield County, South Carolina.

4. Plaintiffs Andrew Green and Shirley Green are the adoptive parents of N.G. (a minor child and citizen and resident of Fairfield County, South Carolina) pursuant to a December 10, 2012 Order of Adoption of the Fairfield County Family Court (case number 2012-DR-20-234).

5. Plaintiff Andreia Samoria Green is a citizen and resident of Fairfield County, South Carolina.

6. Defendant Kanye West is, upon information and belief, a resident of the State of California.

7. Defendant Getting Out Our Dreams II, LLC ("GOOD") is a Delaware limited liability company that, at all relevant times in this Complaint, conducted business in South Carolina.

8. Defendant UMG Recordings, Inc. ("UMG") is a Delaware corporation that, at all relevant times in this Complaint, conducted business in South Carolina.

9. Defendant Def Jam Recordings ("Def Jam") is a Delaware corporation that, at all relevant times in this Complaint, conducted business in South Carolina.

10. Defendant Mr. Redan Music ("Redan") is a business entity domiciled in one of the fifty United States of America that, at all relevant times in this Complaint, conducted business in South Carolina.

11. Defendant BMG Rights Management (US), LLC ("BMG") is a Delaware limited liability company that, at all relevant times in this Complaint, conducted business in South Carolina.

12. The true names and capacities of the Defendants John Doe 1-25, inclusive, are unknown to Plaintiffs, who therefore sues such defendants by their fictitious names. Plaintiffs name these John Doe defendants because Plaintiffs have not yet been able to ascertain whether there are other persons also responsible for claims made herein. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained.

13. This Court's subject matter jurisdiction over this action is proper under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338 (Copyright), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

14. This Court's personal jurisdiction over these Defendants is proper, as the Defendants, through their representative(s), have purposefully targeted the Plaintiffs and non-party Alice T. Johnson, who reside in South Carolina, to transact business. Furthermore, the Defendants

have continuous and systematic contacts with the State of South Carolina in their business of selling, licensing, and/or performing musical works.

15. Venue is proper in the District of South Carolina, as the Defendants, through their representative(s), have purposefully targeted the Plaintiffs, who reside in South Carolina, to transact business.

16. Venue is proper in the Charleston Division of the District of South Carolina because one or more Defendants do business relating to the allegations of this Complaint (*i.e.* sell, license, and/or perform musical works) in this division.

**Background**

17. On or about January 20, 2016, Plaintiff Andreia Samoria Green and N.G. were traveling with Alice T. Johnson, the biological mother of N.G., and Plaintiff Shirley Green.

18. Andreia Green and Alice T. Johnson were about to travel to Atlanta and N.G. decided to "pray over" Andreia to seek good fortune for her trip.

19. Alice T. Johnson used her mobile phone to record N.G. "praying over" Andreia, and subsequently uploaded the video to the photograph and video sharing site/app Instagram.[1]

20. The video "went viral" during the next few days, garnering thousands of page views.

21. On or about February 8, 2016, a representative of Defendant West contacted Johnson to request permission to use audio from the video of Andreia and N.G. as samples (the "Green Samples") in a song referred to at the time as "Ultra Light Beams".

22. Johnson and West's representative corresponded via phone and email from February 8, 2016 to February 11, 2016 in an attempt to reach an agreement to use the Green Samples.

---

[1] *Available at*: https://www.instagram.com/p/BA8jmM8lixW/?hl=en (last visited February 7, 2019).

23. In a telephone conversation during this February 8-11, 2016, time period, it became evident to Johnson that Defendant West's new album was due to be released in the next few days. During this conversation, Johnson verbally agreed to allow Defendant West to use the Green Samples in a song in his upcoming album in exchange for payment in an amount to be negotiated at a later date.

24. Johnson, however, did not have the authority to enter into a licensing agreement regarding the Green Samples. Plaintiffs Andrew Green and Shirley Green had been N.G.'s adoptive parents and sole legal guardians since 2012. Plaintiff Andreia Green, who was an adult at the time, had not given Johnson authority to contract on her behalf.

25. While Defendant West's representative agreed to send Johnson a written license agreement for her review, she never did. Johnson never received any money from Defendant West's representative.

26. Defendant West, and other currently unknown Defendants, featured the Green Samples in the opening 28 seconds of, and periodically throughout, a song called "Ultralight Beam".

27. On February 11, 2016, Defendant West performed "Ultralight Beam" at Madison Square Garden in New York City.

28. On February 13, 2016, Defendant West performed "Ultralight Beam" on the *Saturday Night Live* television show.

29. On February 14, 2016, Defendant Def Jam Recordings released Defendant West's album "The Life of Pablo", which contains the song "Ultralight Beam".

30. "The Life of Pablo" has been certified "platinum" (1,000,000 equivalent album units) by the Recording Industry Association of America, and "Ultralight Beam" received Grammy

nominations for Best Rap/Sung Performance and Best Rap Song in 2017. This success is due in part to Defendant West's use of the Green Samples.

31. While the credits to "Ultralight Beam" recognize N.G. and Andreia Green as providing "additional vocals" to the song, the copyright registrations for SR0000779225 ("The Life of Pablo") and PA0002088290 ("Ultralight Beam"), owned wholly or in part by Defendants, omit their contribution.

32. To date, N.G. and Andreia have not received appropriate compensation for Defendants' use of the Green Samples.

33. While a new representative of Defendant West has recently made contact with the Plaintiffs to negotiate a licensing agreement for the Green Samples, the parties have not been able to reach an agreement. Due to the potential expiration of legal deadlines, the Plaintiffs were forced to file this suit to protect their rights.

## For a First Cause of Action
(Copyright Infringement)

34. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

35. The original, protectable performing arts work (video recording) of N.G. and Andreia Green that contains the Green Samples was validly registered with the United States Copyright Office, effective April 21, 2016, as PA 1-996-946.

36. Pursuant to an April 19, 2016, assignment of rights by Alice T. Johnson, N.G. is the sole owner of the copyright registered as PA 1-996-946.

37. Neither Plaintiffs, nor anyone authorized by Plaintiffs or their predecessors in interest, authorized Defendants to exercise any of the exclusive rights of a copyright owner, as defined by 17 U.S.C. § 106, with respect to the video protected by the Certificate of Registration identified above.

38. The Defendants are owners, in whole or in part, of works registered as SR0000779225 ("The Life of Pablo") and/or PA0002088290 ("Ultralight Beam"), which incorporate the Green Samples. The Defendants' selling, licensing, and/or performing these works for profit have infringed copyright of the Green Samples (PA 1-996-946) in the following particulars:

    a. The Defendants have reproduced and/or caused to be reproduced the Green Samples from PA 1-996-946 in copies or phonorecords.

    b. The Defendants have prepared and/or caused to be prepared derivative works based on the Green Samples from PA 1-996-946.

    c. The Defendants have distributed and/or caused to be distributed copies or phonorecords of the Green Samples from PA 1-996-946 to the public by sale or other transfer of ownership, or by rental, lease, or lending;

    d. The Defendants have performed and/or caused to be performed (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

39. Upon information and belief, the Defendants are also vicariously liable for the infringing acts (described above) performed by other Defendants and/or third parties, due to Defendants' right and ability to supervise these third parties and/or other Defendants, coupled with a direct financial interest in the infringement.

40. The activities of Defendants complained of herein are continuing, constitute willful infringement of Plaintiff's registered copyrights, and were and are in blatant disregard of Plaintiffs' rights.

41. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

42. Plaintiffs are further entitled to recover from Defendants the damages, including attorney's fees and any and all gains, profits and advantages obtained by Defendants, as a result of Defendants' acts of infringement alleged above, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs.

### For a Second Cause of Action
(Wrongful Appropriation of Personality)

43. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

44. Plaintiffs have an exclusive proprietary interest in the publicity value of the names and likenesses of Andreia Green and N.G., as well as the attendant exclusive right to utilize or license others to utilize such name and likeness for commercial exploitation.

45. Defendants have willfully misappropriated Plaintiffs' exclusive rights to exploit the names and likeness of Andreia Green and N.G. by using same without any authorization from Plaintiffs, and continue to do so, in connection with their acts taken to sell, license, and/or perform music for profit containing the name and likeness of Andreia Green and N.G.

46. Defendants have misappropriated the name and likeness of Plaintiff Andreia Green and N.G. for commercial advantage by selling, licensing, and/or performing music for profit containing the name and likeness of Andreia Green and N.G.

47. Defendants conduct their commercial activity of selling, licensing, and/or performing music containing the name and likeness of Andreia Green and N.G. without Plaintiffs' authorization or consent.

48. By reason of the foregoing, Defendants have caused irreparable damage to Plaintiffs, and will continue to do so, unless Defendants are enjoined and restrained from continuing such acts.

49. Plaintiffs are further entitled to actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

### For a Third Cause of Action
(Unfair Trade Practices)

50. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

51. The acts described previously in this pleading constituted unfair or deceptive methods, acts, or practices as contemplated in the South Carolina Unfair Trade Practices Act ("SCUPTA" – S.C. Code § 39-5-10, *et seq.*).

52. These violations of SCUPTA have consequently and proximately injured the Plaintiffs, leading to lost profits, lost business opportunities, injury to business reputation, mental distress, attorneys' fees & costs, and other injuries to be determined after a reasonable period of discovery.

53. These violations of SCUPTA were willful, in that upon information and belief the actor knew or should have known they were violations.

54. Upon information and belief, similar acts have taken place in the past, and thus there is a potential for repetition.

55. Plaintiffs seek actual, compensatory, special, and punitive/treble damages against the Defendants in an amount to be determined by the trier of fact. Plaintiffs also seek attorneys' fees and costs.

### For a Fourth Cause of Action
(Quantum Meruit)

56. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

57. As described previously in this Complaint, Plaintiffs conferred the benefit of the Green Samples to the Defendants, who realized this benefit in the selling, licensing, and/or performing music containing the Green Samples.

58. It would be inequitable for the Defendants to retain this benefit without paying the Plaintiffs its value.

59. Plaintiffs are entitled to actual damages in the amount of the value of their performances, attorneys' fees, and costs in an amount to be determined by the trier of fact.

**Wherefore**, Plaintiffs pray this Court order against the Defendants, jointly and severally, the relief demanded in each of the above causes of action and any such other and further relief this Court deems just and equitable.

Dated: 02/07/2019

/s/ Jason Scott Luck
Jason Scott Luck (Fed. Id. 9696)
jluck@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
**Attorney for Plaintiffs**