## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **Andrew Green** and **Shirley Green**, as legal guardians of **N.G.** (a minor child) and **Andreia Samoria Green** | Case No. 2:19-cv-00366-RMG |
| Plaintiffs, | **Amended Complaint** (Jury Trial Demanded) |
| v. | |
| **Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc.** a/k/a **Universal Music Group**; **Def Jam Recordings; Cydel Young** d/b/a **Mr. Redan Music** a/k/a **Mr. Redan; BMG Rights Management (US), LLC** a/k/a **BMG Platinum Songs US** and **John Does 1-30**; | |
| Defendants. | |

Plaintiffs allege the following:

1. This is an action seeking, *inter alia*, compensation for Defendants' use of audio of N.G. (a minor child) "praying over" Plaintiff Andreia Samoria Green in Defendant Kanye West's 2016 song "Ultralight Beam".

**Parties**

2. Plaintiff Andrew Green is a citizen and resident of Fairfield County, South Carolina.

3. Plaintiff Shirley Green is a citizen and resident of Fairfield County, South Carolina.

4. Plaintiffs Andrew Green and Shirley Green are the adoptive parents of N.G. (a minor child and citizen and resident of Fairfield County, South Carolina) pursuant to a December 10, 2012 Order of Adoption of the Fairfield County Family Court (case number 2012-DR-20-234).

5. Plaintiff Andreia Samoria Green is a citizen and resident of Fairfield County, South Carolina.

6. Defendant Kanye West is, upon information and belief, a resident of the State of California.

7. Defendant Getting Out Our Dreams II, LLC ("GOOD") is a Delaware limited liability company that, at all relevant times in this Complaint, conducted business in South Carolina.

8. Defendant UMG Recordings, Inc. a/k/a Universal Music Group ("UMG") is a Delaware corporation that, at all relevant times in this Complaint, conducted business in South Carolina.

9. Defendant Def Jam Recordings ("Def Jam") is a Delaware corporation that, at all relevant times in this Complaint, conducted business in South Carolina.

10. Upon information and belief, GOOD, UMG, and Def Jam are Defendant West's recording labels.

11. Defendant Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan ("Redan") is an individual domiciled in one of the fifty United States of America that, at all relevant times in this Complaint, conducted business in South Carolina.

12. Defendant BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US ("BMG") is a Delaware limited liability company that, at all relevant times in this Complaint, conducted business in South Carolina.

13. The true names and capacities of the Defendants John Doe 1-30, inclusive, are unknown to Plaintiffs, who therefore sue such defendants by their fictitious names. Plaintiffs name these John Doe defendants because Plaintiffs have not yet been able to ascertain whether there are other persons also responsible for claims made herein. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained.

**Jurisdiction and Venue**

14. This Court's subject matter jurisdiction over this action is proper under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338 (Copyright), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

15. This Court has general personal jurisdiction (S.C. Code § 36-2-802) over the Defendants because they, upon information and belief, have continuous and systematic contacts with the State of South Carolina in their business of selling, licensing, and/or performing musical works.

16. This Court has specific personal jurisdiction over West, GOOD, UMG, and Def Jam because they, either directly or through agents, have engaged in conduct, giving rise to the claims herein, that satisfies the South Carolina long-arm statute (S.C. Code § 36-2-803), including the commission of tortious acts within South Carolina and the commission of tortious acts outside South Carolina knowing and intending that such act would interfere with South Carolina interests and cause injury within South Carolina. Additionally:

    a. These Defendants, through their agent(s), have purposefully targeted the Plaintiffs and non-party Alice T. Johnson, who reside in South Carolina, to transact business.

    b. Upon information and belief, these Defendants have licensed for profit the copyrighted music at issue, either directly or through agents such as the American Society of Composers, Authors, and Publishers ("ASCAP") and/or Broadcast Music Incorporated, Inc. ("BMI"), to South Carolina-based and non-South Carolina entities and individuals to the injury of Plaintiffs, South Carolina residents.

17. This Court has specific personal jurisdiction over Redan and BMG because they, either directly or through agents, have engaged in conduct, giving rise to the claims herein, that

satisfies the South Carolina long-arm statute (S.C. Code § 36-2-803), including the commission of tortious acts within South Carolina and the commission of tortious acts outside South Carolina knowing and intending that such act would interfere with South Carolina interests and cause injury within South Carolina. Additionally:

   a. Upon information and belief, BMG has licensed for profit the copyrighted music at issue, either directly or through agents such as BMI, to South Carolina-based and non-South Carolina entities and individuals to the injury of Plaintiffs, South Carolina residents.

   b. Upon information and belief, Redan has licensed for profit the copyrighted music at issue, either directly or through agents such as BMI and/or BMG, to South Carolina-based and non-South Carolina entities and individuals to the injury of Plaintiffs, South Carolina residents.

18. Venue is proper in the District of South Carolina under 28 U.S.C. § 1391 and 28 U.S.C. § 1400, due to the acts set forth above.

19. Venue is proper in the Charleston Division of the District of South Carolina because one or more Defendants do business relating to the allegations of this Complaint (*i.e.* sell, license, and/or perform musical works) in this division.

**Background**

20. On or about January 20, 2016, Plaintiff Andreia Samoria Green and N.G. were with Alice T. Johnson, the biological mother of N.G., and Plaintiff Shirley Green.

21. Plaintiff Andreia Green and Alice T. Johnson were preparing to leave on a trip to Atlanta, and N.G. decided to "pray over" Andreia to seek good fortune for her trip.

22. Alice T. Johnson used her mobile phone to record N.G. "praying over" Andreia, and subsequently uploaded the video to Instagram, a photograph and video sharing platform.[1]

23. In this video, N.G. engages in a lengthy extemporaneous call-and-response prayer, with Andreia as the party responding: "Yes Lord!"

24. The video "went viral" during the next few days, garnering thousands of page views.

25. On or about February 8, 2016, Lisa Lester, an attorney for Defendants West, GOOD, UMG, and Def Jam, contacted Johnson to request permission to use audio from the Instagram video of Andreia and N.G. as samples (the "Green Samples") in a song Lester referred to at the time as "Ultra Light Beams".

26. Johnson and Lester corresponded via phone and email from February 8, 2016 to February 11, 2016 in an attempt to reach an agreement to use the Green Samples.

27. In a telephone conversation during this February 8-11, 2016, time period, it became evident to Johnson that Defendant West's new album was due to be released in the next few days. During this conversation, Johnson preliminarily agreed to allow Defendant West to use the Green Samples in a song in his upcoming album, provided she received payment in an amount to be determined.

28. Johnson, however, did not have the authority to enter into a licensing agreement regarding the Green Samples. Plaintiffs Andrew Green and Shirley Green had been N.G.'s adoptive parents and sole legal guardians since 2012. Plaintiff Andreia Green, who was an adult at the time, had not given Johnson authority to contract on her behalf.

29. While Lester agreed to send Johnson a written license agreement for her review, she never provided one to Johnson, and Johnson was never paid by or on behalf of Defendants.

---

[1] *Available at*: https://www.instagram.com/p/BA8jmM8lixW/?hl=en (last visited May 21, 2019).

30. Defendant West, and other currently unknown Defendants, featured the Green Samples in the opening 28 seconds of, and periodically throughout, a song called "Ultralight Beam", the first song of Defendant West's 2016 album "The Life of Pablo".

31. On February 11, 2016, Defendant West performed "Ultralight Beam" at Madison Square Garden in New York City.

32. On or about February 13, 2016, Defendant West performed "Ultralight Beam" on the *Saturday Night Live* television show.

33. On February 14, 2016, Defendant Def Jam Recordings released Defendant West's album "The Life of Pablo", which contains the song "Ultralight Beam".

34. "The Life of Pablo" has been certified "platinum" (1,000,000 equivalent album units) by the Recording Industry Association of America, and "Ultralight Beam" received Grammy nominations for Best Rap/Sung Performance and Best Rap Song in 2017. This success is due in part to the use of the Green Samples.

35. While the credits to "Ultralight Beam" recognize N.G. and Andreia Green as providing "additional vocals" to the song (Exhibit A),[2] the public copyright management information for SR0000779225 ("The Life of Pablo") and PA0002088290 ("Ultralight Beam"), owned wholly or in part by Defendants, omit them as authors (Exhibit B).

36. To date, N.G. and Andreia have not received appropriate compensation for Defendants' use of the Green Samples.

37. While a new attorney for Defendants West, GOOD, UMG, and Def Jam made contact with the Plaintiffs in late 2018 / early 2019 to negotiate a licensing agreement for the Green Samples, the parties have not been able to reach an agreement. Due to the potential

---

[2] *Available at*: https://www.kanyewest.com/credits/ (last visited May 21, 2019). Exhibit A is a screen capture from March 25, 2019.

expiration of legal deadlines, the Plaintiffs were forced to file the original complaint in this suit in February of 2019 to protect their rights.

### For a First Cause of Action
(Copyright Infringement)

38. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

39. The original, protectable performing arts work of N.G. and Andreia Green that contains the Green Samples was validly registered with the United States Copyright Office, effective April 21, 2016, as PA 1-996-946 (Exhibit C).

40. Pursuant to an April 19, 2016, assignment of rights by Alice T. Johnson, N.G. is the sole owner of the copyright registered as PA 1-996-946.

41. Neither Plaintiffs, nor anyone authorized by Plaintiffs or their predecessors in interest, authorized Defendants to exercise any of the exclusive rights of a copyright owner, as defined by 17 U.S.C. § 106, with respect to the work protected by registration PA 1-996-946.

42. Defendants are the owners, in whole or in part, of works registered as SR0000779225 ("The Life of Pablo") and/or PA0002088290 ("Ultralight Beam"); both of these works incorporate the Green Samples.

43. Neither registration SR0000779225 nor registration PA0002088290 include Andreia Green or N.G. as authors.

44. The Defendants' selling, reproducing, licensing, and/or performing "The Life of Pablo" and/or "Ultralight Beam" for profit have infringed the copyright of the Green Samples in the following particulars:

    a. The Defendants have reproduced and/or caused to be reproduced the Green Samples in copies or phonorecords.

    b. The Defendants have prepared and/or caused to be prepared derivative works based on the Green Samples.

    c. The Defendants have distributed and/or caused to be distributed copies or phonorecords of the Green Samples to the public by sale or other transfer of ownership, or by rental, lease, or lending.

    d. The Defendants have performed and/or caused to be performed publicly the Green Samples.

    e. The Defendants have performed and/or caused to be performed via digital audio transmission the Green Samples.

45. Defendants committed each act of infringement with the knowledge (actual and/or constructive) that the performance they were copying, distributing, and/or performing was subject to valid United States copyright registrations and with the knowledge that Defendants were not authorized to copy, distribute, and/or perform such copyrighted works. Defendants' infringement was thus "willful" within the meaning of 17 U.S.C. § 504(c)(2).

46. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws, or, in the alternative, a running royalty.

47. Plaintiffs are further entitled to recover from Defendants the damages, including any and all gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, including hypothetical license damages. At present, the full amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs without engaging in discovery. Plaintiffs are further entitled to attorneys' fees and costs as provided for in 17 U.S.C. § 505.

48. In the alternative, Plaintiffs are entitled to statutory damages as provided for in 17 U.S.C. § 504(c), and attorneys' fees and costs as provided for in 17 U.S.C. § 505.

### For a Second Cause of Action
(Vicarious Copyright Infringement)

49. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

50. Upon information and belief, the Defendants are also vicariously liable for the infringing acts (described above) performed by other Defendants and/or third parties, due to Defendants' right and ability to supervise these third parties and/or other Defendants, coupled with a direct financial interest in the infringement.

51. For example, the Defendants, through their agents (e.g. BMI & ASCAP), licensed public performance rights to "Ultralight Beam" to third parties, who then publicly performed "Ultralight Beam", which contained the Green Samples.

52. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws, or, in the alternative, a running royalty.

53. Plaintiffs are further entitled to recover from Defendants the damages, including any and all gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, including hypothetical license damages. At present, the full amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs without engaging in discovery. Plaintiffs are further entitled to attorneys' fees and costs as provided for in 17 U.S.C. § 505.

**For a Third Cause of Action**
(Contributory Copyright Infringement)

54. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

55. Upon information and belief, the Defendants took deliberate actions to avoid learning about infringement of the Green Samples in "Ultralight Beam", even though information about registration PA 1-996-946 was readily available on the internet via a search at the United States Copyright Office's website.

56. For example, upon information and belief, the Defendants never completed a "sample clearance" of the Green Samples, creating a high probability that their use of them, and their use by third parties, would constitute infringement of Plaintiffs' rights.

57. The Defendants materially contributed to the infringement of the Green Samples by, *inter alia*, licensing, through their agents (e.g. BMI & ASCAP), public performance rights to "Ultralight Beam" to third parties, who then publicly performed "Ultralight Beam", which contained the Green Samples.

58. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws, or, in the alternative, a running royalty.

59. Plaintiffs are further entitled to recover from Defendants the damages, including any and all gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above, including hypothetical license damages. At present, the full amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs without engaging in discovery. Plaintiffs are further entitled to attorneys' fees and costs as provided for in 17 U.S.C. § 505.

## For a Fourth Cause of Action
(Falsification of Copyright Management Information)

60. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

61. Defendants provided false copyright management information to third parties, including false information about the name of, and other identifying information about, the authors and copyright owners of "Ultralight Beam" (PA0002088290) and "The Life of Pablo" (SR0000779225), as well as about terms and conditions for use of the works. 17 U.S.C. § 1202(a)(1); 17 U.S.C. § 1202(c)(2), (c)(3), & (c)(6).

62. Defendants' falsification of copyright management information was made without Plaintiff's knowledge or authority.

63. Defendants' falsification of copyright management information was done intentionally, knowingly, and with the intent to induce, enable, and facilitate copyright infringement of the Green Samples. 17 U.S.C. § 1202(a).

64. Plaintiffs are entitled to an injunction of the Defendants and their respective officers, directors, member, managers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them, from providing false copyright management information to third parties.

65. Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in the sum of $25,000 from each Defendant for each violation of 17 U.S.C. § 1202 or, alternatively, damages in an amount to be determined at trial, including (i) actual damages; (ii) profits Defendants made from the infringing conduct; (iii) the benefit to Defendants from the infringing conduct; (iv) all other damages attributable to the infringement by Defendants; and (v) attorneys' fees and costs.

**For a Fifth Cause of Action**
(Wrongful Appropriation of Personality)

66. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

67. Plaintiffs have an exclusive proprietary interest in the publicity value of the names and likenesses of Andreia Green and N.G., as well as the attendant exclusive right to utilize or license others to utilize such name and likeness for commercial exploitation.

68. Defendants have willfully misappropriated Plaintiffs' exclusive rights to exploit the names and likeness of Andreia Green and N.G. by using the same without any authorization from Plaintiffs, and continue to do so, in connection with their acts taken to sell, license, and/or perform music for profit containing the name and likeness of Andreia Green and N.G.

69. Defendants have misappropriated the name and likeness of Plaintiff Andreia Green and N.G. for commercial advantage by selling, licensing, and/or performing music for profit containing the name and likeness of Andreia Green and N.G.

70. Defendants conduct their commercial activity of selling, licensing, and/or performing music containing the name and likeness of Andreia Green and N.G. without Plaintiffs' authorization or consent.

71. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the Plaintiffs' rights, or, in the alternative, a running royalty.

72. Plaintiffs are further entitled to actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

### For a Sixth Cause of Action
(Unfair Trade Practices)

73. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

74. The acts described previously in this pleading, and others which will be revealed after a reasonable period of discovery, constituted unfair or deceptive methods, acts, or practices as contemplated in the South Carolina Unfair Trade Practices Act ("SCUPTA" – S.C. Code § 39-5-10, *et seq.*).

75. These violations of SCUPTA have consequently and proximately injured the Plaintiffs, leading to lost profits, lost business opportunities, injury to business reputation, mental distress, attorneys' fees & costs, and other injuries to be determined after a reasonable period of discovery.

76. These violations of SCUPTA were willful, in that upon information and belief the Defendants knew or should have known they were violations.

77. Upon information and belief, similar acts have taken place in the past (particularly unauthorized use of samples in West's work), and thus there is a potential for repetition.

78. Plaintiffs seek actual, compensatory, special, and punitive/treble damages against the Defendants in an amount to be determined by the trier of fact. S.C. Code § 39-5-140. Plaintiffs also seek attorneys' fees and costs.

### For a Seventh Cause of Action
(Quantum Meruit)

79. Plaintiffs repeat and reallege their previous paragraphs as if restated fully verbatim herein.

80. As described previously in this Complaint, Plaintiffs conferred the benefit of the Green Samples to the Defendants, who realized this benefit in the selling, licensing, and/or performing music containing the Green Samples.

81. It would be inequitable for the Defendants to retain this benefit without paying the Plaintiffs its value.

82. Plaintiffs are entitled to actual damages in the amount of the value of their performances, attorneys' fees, and costs in an amount to be determined by the trier of fact.

**Wherefore**, Plaintiffs pray this Court order against the Defendants, jointly and severally, the relief demanded in each of the above causes of action and any such other and further relief this Court deems just and equitable.

Dated: 06/05/2019

/s/ Jason Scott Luck
Jason Scott Luck (Fed. Id. 9696)
jluck@garrettlawsc.com
Ryan A. Love (Fed. Id. 12828)
rlove@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
**Attorneys for Plaintiffs**