UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANDREW GREEN AND SHIRLEY GREEN, AS LEGAL GUARDIANS OF N.G. (A MINOR CHILD) AND ANDREIA SAMORIA GREEN<br><br>Plaintiffs,<br><br>v.<br><br>KANYE WEST; GETTING OUT OUR DREAMS, II, LLC; UMG RECORDINGS, INC. A/K/A UNIVERSAL MUSIC GROUP; DEF JAM RECORDINGS; CYDEL YOUNG D/B/A MR. REDAN MUSIC A/K/A MR. REDAN; BMG RIGHTS MANAGEMENT (US), LLC A/K/A BMG PLATINUM SONGS US AND JOHN DOES 1-30;<br><br>Defendants. | C/A No. 2:19-cv-00366-RMG<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Kanye West ("West"), Getting Out Our Dreams II, LLC ("GOOD II"), UMG Recordings, Inc. a/k/a Universal Music Group ("UMG") and Def Jam Recordings, a division of UMG Recordings, Inc. ("Def Jam") (collectively, "Defendants"), as and for their Answer to the Amended Complaint (the "Complaint") herein, allege as follows:

**GENERAL RESPONSE**

Deny each and every allegation of Plaintiffs' Complaint that is not hereinafter specifically admitted, modified, or explained.

**FOR A FIRST DEFENSE**

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint.

7. Deny the allegations in paragraph 7 of the Complaint, except to admit the GOOD II is a Delaware limited liability company.

8. Deny the allegations in paragraph 8 of the Complaint, except to admit that UMG is a Delaware corporation.

9. Deny the allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint, except to admit that GOOD II is the label for which West records.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

3

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except to admit that the Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338.

15. Deny the allegations in paragraph 15 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of such allegations to the extent they refer to other defendants.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, including all subparts, except to deny that they have engaged in tortious acts or targeted the Plaintiffs, as alleged herein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, including all subparts.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except to respectfully refer the Court to a true and complete recording of the referenced video (the "Video") for the content thereof.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except to admit, upon information and belief, that Lisa Lester, who was at the time an attorney for West and GOOD II, contacted Johnson regarding the use of an audio portion from the Video in the song Ultralight Beam (the "Song").

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except to admit, upon information and belief, that Johnson and Lester had communications in which Johnson consented to the used of an audio portion from the Video in the Song.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except to admit, upon information and belief, that Ms. Johnson verbally agreed to allow West to use the subject sound recording in the Song in his upcoming album.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except to admit that West used audio portions of

the Video in the Song and respectfully refer the Court to a true and complete recording of the Song for the content thereof.

31. Admit the allegations in paragraph 31 of the Complaint.

32. Admit the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint, except to admit that West's album "The Life of Pablo" was released on February 14, 2016.

34. Deny the allegations in paragraph 34 of the Complaint, except to admit that "The Life of Pablo" has been certified "platinum" by the Recording Industry Association of America and that the Song received Grammy nominations for Best Rap/Song Performance and Best Rap Song in 2017.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except to respectfully refer the Court to true and correct copies of the documents and credits referenced therein for the content thereof.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, except to admit that there were communications between an attorney for West and GOOD II and a representative for Plaintiffs.

38. In response to paragraph 38 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-37 of the Complaint as if fully set forth herein verbatim.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations of paragraph 42 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants, to respectfully refer the Court to true and correct copies of the copyright registrations referred to therein for the content and effect thereof, and to respectfully refer the Court to true copies of the referenced works for the content thereof.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except to respectfully refer the Court to true and correct copies of the referenced registrations for the content thereof.

44. Deny the allegations of paragraph 44 of the Complaint, including all subparts.

45. Deny the allegations of paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-48 of the Complaint as if fully set forth herein verbatim.

50. Deny the allegations of paragraph 50 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

51. Deny the allegations of paragraph 51 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

52. Deny the allegations of paragraph 52 of the Complaint.

53. Deny the allegations of paragraph 53 of the Complaint.

54. In response to paragraph 54 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-53 of the Complaint as if fully set forth herein verbatim.

55. Deny the allegations of paragraph 55 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

56. Deny the allegations of paragraph 56 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

57. Deny the allegations of paragraph 57 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

58. Deny the allegations of paragraph 58 of the Complaint.

59. Deny the allegations of paragraph 59 of the Complaint.

60. In response to paragraph 60 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-59 of the Complaint as if fully set forth herein verbatim.

61. Deny the allegations of paragraph 61 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

PPAB 4999084v2

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Deny the allegations of paragraph 63 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they refer to other defendants.

64. Deny the allegations of paragraph 64 of the Complaint.

65. Deny the allegations of paragraph 65 of the Complaint.

66. In response to paragraph 66 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-65 of the Complaint as if fully set forth herein verbatim.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

69. Deny the allegations in paragraph 69 of the Complaint.

70. Deny the allegations in paragraph 70 of the Complaint.

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations in paragraph 72 of the Complaint.

73. In response to paragraph 73 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-72 of the Complaint as if fully set forth herein verbatim.

74. Deny the allegations in paragraph 74 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the truth of allegations which Plaintiffs have not yet made.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

PPAB 4999084v2

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. In response to paragraph 79 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1-78 of the Complaint as if fully set forth herein verbatim.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. Deny the allegations in paragraph 81 of the Complaint.

82. Deny the allegations in paragraph 82 of the Complaint.

83. Deny the allegations in the unnumbered WHEREFORE paragraph of the Complaint.

## FOR A SECOND DEFENSE

84. The Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

85. Plaintiffs' fifth, sixth and seventh causes of action are preempted pursuant to section 301 of the Copyright Act, 17 U.S.C. §301.

## FOR A FOURTH DEFENSE

86. Defendants' actions are protected under the fair use doctrine, 17 U.S.C. §107.

## FOR A FIFTH DEFENSE

87. The use of the subject audio portion of the Video in the Song was authorized.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray for judgment dismissing the Complaint in its entirety and awarding them their attorneys' fees and

costs pursuant to section 505 of the Copyright Act, 17 U.S.C. §505, and such other and further relief as the Court may deem just and proper.

          PARKER POE ADAMS & BERNSTEIN LLP

          s/ Lawrence M. Hershon
          Lawrence M. Hershon, Fed. ID No. 10404
          Katon E. Dawson Jr., Fed. ID No. 12297
          1221 Main Street, Suite 1100
          Columbia, SC 29201
          Tel: (803) 255-8000
          Fax: (803) 255-8017
          lawrencehershon@parkerpoe.com
          katondawson@parkerpoe.com

          PRYOR CASHMAN LLP
          Tom J. Ferber
          (*pro hac vice* application pending)
          7 Times Square
          New York, NY 10036
          Phone: 212-421-4100
          Fax: 212-798-6388
          TFerber@pryorcashman.com

          *Attorneys for Defendants Kanye West, Getting Out Our Dreams II, LLC, UMG Recordings, Inc. a/k/a Universal Music Group and Def Jam Recordings, a division of UMG Recordings, Inc.*

July 3, 2019
Columbia, South Carolina