IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green, <br><br> Plaintiffs, <br><br> vs. <br><br> Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30, <br><br> Defendants. | Civil Action No. 2:19-00366-RMG <br><br><br><br><br> MOTION FOR <br> JUDGMENT ON THE PLEADINGS |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Kanye West ("West"), Getting Out Our Dreams, II, LLC, Def Jam Recordings, and UMG Recordings, Inc. (collectively, "Defendants") move the Court for judgment on the pleadings with respect to the following claims brought by Plaintiffs Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child), and Andreia Samoria Green ("Andreia") (collectively, "Plaintiffs"): (1) Plaintiffs' claims for statutory damages and attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c), 505 (counts I, II, III); (2) Andreia's claims for copyright infringement (counts I, II, III); (3) Plaintiffs' claim for falsification of copyright management information (count IV); and Plaintiffs' quantum meruit claim (count VII).[1]

---

[1] Pursuant to Local Civil Rules 7.04 and 7.05 (D.S.C.), a full explanation of the motion is provided herein and, therefore, a separate supporting memorandum would serve no useful purpose.

## PLAINTIFFS' ALLEGATIONS IN THE AMENDED COMPLAINT[2]

On January 20, 2016, Andreia and N.G. were with Shirley Green ("Shirley") and Alice T. Johnson ("Johnson"), the biological mother of N.G. (Am. Compl. ¶ 20.) Andreia and Johnson were preparing to leave on a trip to Atlanta, and N.G. decided to "pray over" Andreia to seek good fortune for the trip. (Am. Compl. ¶ 21.) Johnson used her mobile phone to record N.G. "praying over" Andreia and she uploaded the video to Instagram. (Am. Compl. ¶ 22.) In this video (hereinafter, "the N.G. Praying Video"), N.G. engages in an extemporaneous call-and-response prayer, with Andreia as the party responding: "Yes Lord!" (Am. Compl. ¶ 23.)

On February 8, 2016, a representative for Defendants contacted Johnson to request permission to use audio from the N.G. Praying Video as a music sample (the "Green Audio"). (Am. Compl. ¶ 25.) The two corresponded via phone and email between February 8, 2016 to February 11, 2016 concerning use of the Green Audio. (Am. Compl. ¶ 26.) Johnson "preliminarily agreed to allow Defendant West to use the Green [Audio] in a song in his upcoming album, provided she received payment in an amount to be determined." (Am. Compl. ¶ 27). Johnson allegedly never received a written license agreement or payment from Defendants. (Am. Compl. ¶ 29.) Plaintiffs allege that the Green Audio was used in the master recording "Ultralight Beam," a track on West's album titled "The Life of Pablo," which was released on February 14, 2016. (Am. Compl. ¶¶ 30, 33.)

N.G. obtained a copyright registration for the N.G. Praying Video with the U.S. Copyright Office effective April 21, 2016 (PA 1-996-946). (Am. Compl. ¶ 39 & Ex. C.) According to the Amended

---

[2] The allegations in Plaintiffs' Amended Complaint recited herein are accepted as true only for the purpose of this motion for judgment on the pleadings. *See, e.g.*, *Thomas Daniels Agency, Inc. v. Nationwide Ins. Co. of Am.*, 122 F. Supp. 3d 448, 451 (D.S.C. 2015) (explaining on review of a motion for judgment on the pleadings the court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false). Otherwise, Defendants stand by the denials in their Answer. (ECF No. 25.)

Complaint, the Green Video was first published on January 21, 2016. (Am. Compl. Ex. C.) The copyright registration lists Johnson as the author of the video. (*Id.*) The author of the "script" or "performance" is listed as N.G. (*Id.*) The copyright claimant or owner is listed as N.G. "by written agreement." (*Id.*)

## ARGUMENT

**A.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(c) motions operate to 'dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further.'" *Thomas Daniels Agency, Inc. v. Nationwide Ins. Co. of Am.*, 122 F. Supp. 3d 448, 450 (D.S.C. 2015) (internal citation omitted). To decide a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to plaintiff. *Id.* at 451. Judgment on the pleadings is warranted if the moving party clearly establishes that no material issue of fact remains to be resolved and it is entitled to judgment as a matter of law. *Fowler v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 3d 751, 755–56 (D.S.C. 2017), aff'd, 759 F. App'x 160 (4th Cir. 2019).

**B.     Plaintiffs' Claims for Statutory Damages and Attorneys' Fees Under the Copyright Act Are Barred As a Matter of Law**

The Copyright Act precludes a plaintiff from obtaining statutory damages and attorneys' fees if the infringement of the work commenced after publication and before the date of registration. *See* 17 U.S.C. § 412(2) ("no award of statutory damages or attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work").

According to the Amended Complaint, the N.G. Praying Video was first published on January 20, 2016. (Am. Compl. ¶ 20 & Ex. C.) The effective date of registration for the copyright registration is April 21, 2016. (Am. Compl. Ex. C.) The alleged infringement commenced on February 14, 2016 when Mr. West released the "Life of Pablo" album containing the track "Ultralight Beam." (Am. Compl. ¶ 33.) As such, the alleged infringement commenced *after* the date of first publication (January 20, 2016) and *before* the effective date of registration (April 21, 2016). (Am. Compl. Ex. C.) Thus, the registration was not made within three months after the date of first publication and there is no entitlement to statutory fees and attorney's fees in the event there has been copyright infringement. This is true even if the infringements continued after the copyright registration was issued. *See e.g., Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 331 (4th Cir. 2007) ("it is appropriate to treat the earliest date of infringement by any participant in a line of related copyright violations as the date of commencement."); *see also Marshal v. Babbs*, Case No. 2:18-cv-03822-DDP, 2019 WL 1557429 at *3 (C.D. Cal. April 10, 2019).

Accordingly, Plaintiffs' claims for statutory damages and attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c), 505 (counts I, II, III) should be dismissed because, as a matter of law, such claims are barred under 17 U.S.C. § 412(2).

C.     **Andreia Lacks Standing to Assert the Copyright Infringement Claims**

"To prove copyright infringement, a plaintiff must show first that he owned the copyright to the work that was allegedly copied, and second, that the defendant copied protected elements of the work." *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001); *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

A copyright registration is a threshold requirement in order to assert a copyright infringement claim. *See Miller v. CP Chemicals, Inc.*, 808 F. Supp. 1238, 1242 (D.S.C. 1992)

("Plaintiff's lack of registration is fatal to his copyright infringement cause of action and requires its dismissal. Without the copyright certificates, the plaintiff has no prima facie evidence of registration, and thus has no standing to sue for copyright infringement.").

Here, Andreia lacks standing to assert the copyright infringement claims brought against Defendants (counts I, II, III), because she is not identified as an owner of the copyright registration upon which Plaintiffs assert their copyright infringement claims in the Amended Complaint. Paragraph 39 of the Amended Complaint alleges:

> The original, protectable performing arts work of N.G. and Andreia Green that contains the Green [Audio] was validly registered with the United States Copyright Office, effective April 21, 2016, as PA 1-996-946 (Exhibit C).

(Am. Compl. Ex. C) ("Copyright Registration").

The Copyright Registration identifies N.G. as the sole copyright claimant. (*Id.*) In the Amended Complaint, Plaintiffs further allege that N.G. "is the sole owner" of the Copyright Registration. (Am. Compl. ¶ 40) ("Pursuant to an April 19, 2016, assignment of rights by Alice T. Johnson, N.G. is the sole owner of the copyright registered as PA 1-996-946.").

Accordingly, Andreia lacks standing to assert the copyright infringement claims brought against Defendants because she is not an owner of the Copyright Registration. Therefore, Andreia's copyright infringement claims (counts I, II, III) should be dismissed.

**D.     Plaintiffs' Claim for Falsification of Copyright Management Information Fails As a Matter of Law**

Under the Digital Millennium Copyright Act ("DMCA"), it is unlawful to "knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Copyright management information means any of the following information *conveyed in connection with copies of a work*: the title

5

and identifying information of a work, "including the information set forth on a notice of copyright," the name and identifying information of the author and copyright owner, and the terms and conditions for the use of a work. *Id*. § 1202(c).

"Several courts have interpreted the definition of CMI in section 1202(c) [of the DMCA], which states that information must be 'conveyed in connection with' copies of the work in question to qualify as CMI." *Drauglis v. Kappa Map Grp., LLC*, 128 F. Supp. 3d 46, 60 (D.D.C. 2015). To satisfy that requirement, a copyright notice or the information complained of must be "close to" the work. Id. (citing *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013); *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011); *Schiffer Publ'g, Ltd., v. Chronicle Books, LLC*, No. 03–4962, 2004 WL 2583817, at *14 (E.D. Pa. Nov. 12, 2004)). "Thus, for example, 'as a matter of law, if a general copyright notice appears on an entirely different webpage than the work at issue, then that CMI is not 'conveyed' with the work and no claim will lie under the DMCA.'" *Drauglis*, 128 F. Supp. 3d at 60 (quoting *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012)).

Plaintiffs' falsification of copyright management information claim (count IV) is based upon Plaintiffs' assertion that they were omitted as authors on the public catalog of the copyright registrations for "Ultralight Beam" (Registration No. PA0002088290) and "The Life of Pablo" (Registration No. SR0000779225). (Am. Compl. ¶¶ 35, 61; Ex. B.) Plaintiffs allege that such omission constitutes falsification of copyright management information in violation of 17 U.S.C. § 1202(a). (*Id.* ¶¶ 61-63.) Contrary to Plaintiffs' argument, the public catalog information for copyright registrations for "Ultralight Beam" (Registration No. PA0002088290) and "The Life of Pablo" (Registration No. SR0000779225)

6

are not conveyed with or close to any work and, therefore, they do not qualify as "copyright management information" under the DMCA. 17 U.S.C. § 1202(c).[3]

Accordingly, Plaintiffs' claim for falsification of copyright information under 17 U.S.C. § 1202 fails as a matter of law and should be dismissed.

E.     **Plaintiffs' Claim for Quantum Meruit Is Preempted**

To state a claim for quantum meruit, a plaintiff must establish the following three elements: (1) a benefit conferred by plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for her to retain it without paying its value. *QHG of Lake City, Inc. v. McCutcheon,* 360 S.C. 196, 202-203 (S.C. App. 2004).

Courts that have addressed the issue of quantum meruit claims in the context of copyright infringement have uniformly found that such claims do not contain an extra element beyond copyright infringement and are preempted. *See Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 769 (N.D. Tex. 2006) ("Courts generally find that claims for unjust enrichment and quantum meruit are preempted by the Copyright Act to the extent they are based on a defendant's violation of an exclusive right protected by the copyright law.") (internal citations omitted); *see also Visual Communs., Inc. v. Assurex Health, Inc.,* No. 14-3854, 2014 U.S. Dist. LEXIS 131495, at *26 (E.D. Pa. Sept. 18, 2014); *Pan-American Products & Holdings, LLC v. R.T.G. Furniture Corp.,* 825 F. Supp. 2d 664 (M.D.N.C. 2011).

---

[3] Even assuming *arguendo* that a copyright registration could be deemed "copyright management information," Plaintiffs are not authors of the works "Ultralight Beam" or "The Life of Pablo." The Green Audio had already been fixed in a tangible medium of expression and N.G. had already applied for and received a copyright registration.

For their quantum meruit claim, Plaintiffs allege that they conferred "the benefit of the Green [Audio] to the Defendants who realized this benefit in the selling, licensing, and/or performing music containing the Green [Audio]." (Am. Compl. ¶ 80.) Plaintiffs' quantum meruit claim is based on the same allegations as Plaintiffs' copyright infringement claims. Plaintiffs allege that they conferred the benefit of the Green Audio to Defendants which was then sold, licensed or performed without paying the Plaintiffs. *Id.* The rights to reproduce, sell, license, and perform are exclusive rights protected by the Copyright Act. 17 U.S.C.A. § 106.

Because the rights Plaintiffs seek to vindicate through their quantum meruit claim are equivalent to those protected by the Copyright Act, they are preempted as a matter of law and should be dismissed. *See Patz v. Util. Software of Am., Inc.*, No. 6:10-CV-01149-JMC, 2012 WL 443929, at *3 (D.S.C. Feb. 13, 2012) (dismissing quantum meruit claim because it was preempted by federal copyright law).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for judgment on the pleadings in its entirety and dismiss with prejudice the following claims: (1) Plaintiffs' claims for statutory damages and attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c), 505 (counts I, II, III); (2) Andreia's claims for copyright infringement (counts, I, II, III); (3) Plaintiffs' claim for falsification of copyright management information (count IV); and Plaintiffs' quantum meruit claim (count VII).

*[SIGNATURE ON FOLLOWING PAGE]*

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ M. Kathleen McTighe Mellen
    John C. McElwaine
    Federal Bar No. 6710
    E-Mail: john.mcelwaine@nelsonmullins.com
    Robert W. Whelan
    Federal Bar No. 9242
    E-Mail: robert.whelan@nelsonmullins.com
    M. Kathleen McTighe Mellen
    Federal Bar No. 11652
    E-Mail: katie.mellen@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC 29401-2239
    (843) 853-5200

*Attorneys for Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings and UMG Recordings, Inc.*

Charleston, South Carolina

December 19, 2019