# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green<br><br>Plaintiffs,<br><br>v.<br><br>Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30,<br><br>Defendants. | Civil Action No. 2:19-00366-RMG<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings, and UMG Recordings, Inc.'s (collectively "Defendants") motion for judgment on the pleadings. (Dkt. No. 52.) For the reasons set forth below, the Court grants in part, denies in part the motion.

**I.    Background**

This action stems from Defendants' alleged unlawful sampling of a recorded audio of Plaintiffs N.G. and Andreia Samoria Green praying (the "Green samples"). (Dkt. No. 15 at ¶¶ 21, 27.) Plaintiffs allege that around January 20, 2016, N.G. prayed over Andreia Samoira Green, which was recorded and uploaded to Instagram. (*Id.* at ¶¶ 20–22.) Plaintiffs allege the Green samples gained popularity on Instagram and garnered thousands of page views. (*Id.* at ¶ 24.) Plaintiffs allege that on or about February 8, 2016, an attorney for Defendants West, Good, UMG, and Def Jam requested permission to use the audio from the Green samples. (*Id.* ¶ 25.)

Plaintiffs further allege that Alice T. Johnson (N.G.'s biological mother) agreed to preliminarily allow Defendant West to use the Green samples in a song in his upcoming album, provided she receive later payment. (*Id.* at ¶ 27.) The Green samples are featured in "Ultralight Beam" on Defendant West's album, "The Life of Pablo." (*Id.* at ¶ 30.) "The Life of Pablo" was released on February 14, 2016. (*Id.* at ¶ 33–34.) In addition, Plaintiffs allege Defendant West performed "Ultralight Beam" publicly on more than one occasion. (*Id.* at ¶¶ 31– 32.) Plaintiffs allege they are not listed as authors in the copyright management information for "The Life of Pablo" and "Ultralight Beam." (*Id.* at ¶ 35; Dkt. Nos. 15-1; 15-2). To date, the parties have not entered a licensing agreement for use of the Green samples and Plaintiffs allege they have not been compensated for use of the works. (Dkt. No. 15 at ¶¶ 37–38.)

Plaintiffs include N.G.; her guardians, Andrew Green and Shirley Green; and Samoira Green. Plaintiffs filed an Amended Complaint on June 5, 2019 asserting claims for: (1) copyright infringement; (2) vicarious copyright infringement; (3) contributory copyright infringement; (4) falsification of copyright management information; (5) wrongful appropriation of personality; (6) unfair trade practices; and (7) quantum meruit. (Dkt. No. 15.) Defendants filed a Rule 12(c) motion for judgment on the pleadings seeking to dismiss Plaintiffs' statutory damages and attorney's fees claim; Plaintiff Andreia Green's copyright infringement claims (Counts I, II, and III); falsification of copyright management information claim; and quantum meruit claim. (Dkt. No. 52.) Plaintiffs filed a response in opposition and Defendants replied. (Dkt. Nos. 55, 58.)

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech.*, LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28,

2013) *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873 at * 1 (citation omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (citation omitted).

### III. Discussion

#### A. Statutory Damages and Attorney's Fees

Upon a review of the pleadings and arguments in support of this issue, the Court finds there are issues of material fact as to whether Plaintiffs' claims are barred pursuant to 17 U.S.C. § 412. Section 412 of the Copyright Act states in pertinent part:

> "[A]n action for infringement of the copyright of a work that has been preregistered under Section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for-
>
> > (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

17 U.S.C. § 412(1)-(2). The parties discuss the applicability of § 412(2) and whether Plaintiffs' registration was made within three months of the Green samples being published. The Plaintiffs published the Green samples on January 20, 2016 when they were uploaded to Instagram. (Dkt. No. 15 at ¶¶ 20–22). In addition, the copyright was registered on April 21, 2016. (*Id.* at ¶¶ 20; 15-3.) The parties disagree as to whether Plaintiffs registered the copyright within the three-month grace period, but there is no discussion regarding the applicability of the remainder of the statute.

Section 412 applies to "an action for infringement of the copyright of a *work that has been preregistered* under Section 408(f) *before the commencement of the infringement . . .*" 17 U.S.C. § 412 (emphasis added). The Court has no information as to whether Plaintiffs' copyright was preregistered before the commencement of infringement in this case. In addition, the copyright also must have "an effective date of registration not later than the earlier of 3 months after the first publication of the work *or 1 month after the copyright owner has learned of the infringement . . .*" *Id.* The Complaint presents few allegations for the Court to determine when Plaintiffs learned of the infringement. The Complaint alleges that on February 8, 2016, a lawyer for Defendants West, Good, UMG, and Def Jam allegedly contacted Alice T. Johnson (N.G.'s biological mother) to request permission to use the Green samples. (*Id.* at ¶ 15.) The Complaint also alleges that on February 14, 2016, "The Life of Pablo" was released and featured the Green samples. (Dkt. No. 15 at ¶ 33.) Taking the factual allegations as true and in a light most favorable to Plaintiffs, there are issues of material fact as to whether Plaintiffs' copyright was preregistered prior to the commencement of the infringement and when Plaintiffs knew of the infringement.

Based on the factual allegations, it is premature for the Court to determine whether Plaintiffs' claims for statutory damages and attorney's fees are barred under 17 U.S.C. § 412. The Court will determine this issue during the course of litigation and after additional briefing. As such, Defendants' motion is denied without prejudice as to Plaintiffs' claim for statutory damages and attorneys' fees.

### B. Andreia Green's Copyright Infringement Claims (Counts I, II, III)

To establish a claim for copyright infringement, a Plaintiff must show that (1) he owned the copyright to the work that was allegedly copied; and (2) that the Defendant copied protected elements of the work. *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001) (citing *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991)). A copyright registration is essential to assert a *prima facie* copyright infringement claim. *Miller v. CP Chemicals, Inc.*, 808 F. Supp. 1238, 1242 (D.S.C. 1992) (noting Plaintiff's lack of registration was "fatal" to his copyright infringement cause of action and justified the Court's dismissal of the claim.) In the Complaint, Plaintiffs allege that "pursuant to an April 19, 2016 assignment of rights by Alice T. Johnson, N.G. is the sole owner of the copyright registered as PA 1-996-946." (Dkt. No. 15 at ¶ 40.) In addition, Plaintiffs allege "the original, protectable performing arts work of N.G. and Andreia Green that contains the Green Samples was validly registered with the United States Copyright Office, effective April 21, 2016, as PA 1-996-946." (*Id.* at ¶ 39.) Plaintiffs allege that N.G. is the sole owner of the copyright registration. (*Id.* at 40.) Plaintiffs argue that the Greens filed an application for a supplemental registration on January 2, 2020 to add Andreia Green as a claimant and author. (Dkt. No. 55 at 4.) Yet, a copyright infringement claim cannot be based on a registration application. 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019). As Andreia Green is not registered as the owner of the copyright at issue, she cannot bring infringement

claims based on it. Accepting Plaintiffs' well-plead allegations as true and in a light most favorable to Plaintiffs, there is no issue of material fact as to Plaintiff Andreia Green's claims for copyright infringement, vicarious copyright infringement, and contributory copyright infringement. Defendants' motion is granted with regard to Andreia Greens' copyright claims (Counts I, II, and III).

### C.    Falsification of Management Information

The Digital Millennium Copyright Act ("DMCA") was enacted in 1998 to address the "perceived need of copyright owners for 'legal sanctions' to enforce various technological measures they had adopted to prevent the unauthorized reproduction of their works." *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 300 (3d Cir. 2011). The Act states in pertinent part that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement . . . provide copyright management information that is false." 17 U.S.C. § 1202(a)1). Section 1202 of the Act deals with "copyright management information." "Copyright management information" is defined as:

> "certain types of information conveyed in connection with copies . . . of a work . . ., including in digital form, . . . (2) [t]he name of, and other identifying information about, the author of a work; (3) the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright; (6) the terms and conditions for use of the work."

*See* 17 U.S.C. § 1202 (c)(2), (c)(3), and (c)(6). Essentially, Section 1202 establishes a cause of action for the removal (among other things) of the name of the author of a work when it has been conveyed in connection with copies of the work. *Murphy*, 650 F.3d at 302. In addition, it proscribes falsely identifying the copyright owner of a song in connection with licensing its rights. *Carter v. Pallante*, 256 F. Supp. 3d 791, 801 (N.D. Ill. 2017).

In the Complaint, Plaintiffs allege "Defendants provided false copyright management information to third parties, including false information about the name of, and other identifying

information about, the authors and copyright owners of "Ultralight Beam" . . . and "The Life of Pablo" . . . as well as about terms and conditions for use of the works." (Dkt. No. 15 at ¶ 61.) Plaintiffs also allege the public copyright management information for "The Life of Pablo" and "Ultralight Beam" owned at least in part by Defendants, omits Plaintiffs as authors. (*Id.* at ¶ 35.) Further, Plaintiffs allege that "The Life of Pablo" has been certified as platinum, "Ultralight Beam" received Grammy Nominations, and Defendant West performed the works on platforms such as *Saturday Night Live* and Madison Square Garden. (*Id.* at ¶¶ 31–32, 34) To date, Plaintiffs and Defendants have not entered a licensing agreement and Plaintiffs allege they have not been compensated for the alleged unlawful use of the Green samples. (*Id.* at ¶¶37– 38.)

Defendants argue Plaintiffs fail to allege the copyright management information was "conveyed in connection with" the "The Life of Pablo" or "Ultralight Beam." (Dkt. No. 52 at 6.) They also argue the copyright management information was displayed separately on a publicly accessible website and not conveyed with the song and album. (*Id.*) As such, no claim exists under the DMCA. (*Id.* citing *Drauglis v. Kappa Map Grp., LLC*, 128 F. Supp. 3d 46, 60 (D.D.C 2015). One court held that a Plaintiff's copyright management information claim need not allege that false copyright information was "conveyed with copies of the work" and "need not plead particularized facts as to how, when, and to whom the Defendants communicated false information at the motion to dismiss stage as any such information is exclusively within . . . Defendants' knowledge." *Carter*, 256 F. Supp. 3d at 801. Accepting Plaintiffs' well-plead allegations as true and in a light most favorable to Plaintiffs, there is an issue of material fact as to when, how, and to whom Defendants allegedly falsely conveyed copyright management information. Defendants' motion is denied as to Plaintiffs' falsification of copyright management information claim.

**D.     Quantum Meruit**

To state a claim for quantum meruit, a plaintiff must establish the following: (1) a benefit conferred by plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable to retain it without paying its value. *Regions Bank v. Wingard Props., Inc.*, 715 S.E.2d 348, 356 (S.C. Ct. App. 2011) (quoting *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 872 (S.C. 2000)). The Federal Copyright Act preempts a state law right when: (1) the right concerns a work of authorship fixed in a tangible medium of expression that comes within the subject matter of copyright specified in 17 U.S.C. §§ 102–103 and (2) the right must be equivalent to any of the exclusive rights attaining to a copyright as listed in 17 U.S.C. § 106. *See* 17 U.S.C. § 301(a). Claims for unjust enrichment and quantum meruit are preempted by the Copyright Act to the extent they are based on a defendant's violation of an exclusive right protected by copyright law. *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F.Supp.2d 533, 535 (E.D.Va.2005) (quoting *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir.1997)).

The Green samples, the work at issue in this case, are audio recordings created by Plaintiffs. Section 102 of the Copyright Act protects works of authorship in the following categories: literary works; musical works; dramatic works; pantomimes and choreographic works; pictorial, graphic, and sculptural works; sound recordings; and architectural works. *See* 17 U.S.C. § 102. The Green samples are works of authorship protected by the Copyright Act. In addition, the rights Plaintiffs seek to vindicate through their quantum meruit claim are equivalent to those protected by the Copyright Act. In the Complaint, Plaintiffs allege Defendants have conferred the benefit of the Green samples to Defendants who then realized the benefit in the selling, licensing, and/or performing music containing the Green Samples. (Dkt. No. 15 at ¶ 80.)

The rights to reproduce, sell, license, and perform are exclusive rights protected by the Copyright Act. *See* 17 U.S.C. § 106. Thus, Plaintiffs' quantum meruit claim is not qualitatively different from the rights protected by federal copyright law and the Court finds this claim is preempted. *See e.g.*, *Patz v. Util. Software of Am., Inc.*, No. 6:10-CV-01149-JMC, 2012 WL 443929, at *3 (D.S.C. Feb. 13, 2012). Defendants' motion is granted as to Plaintiffs' quantum meruit claim.

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for judgment on the pleadings. (Dkt. No. 52.) Defendants' motion is **GRANTED** as to Andreia Green's Copyright Infringement Claims (Counts I, II, III) and Plaintiffs' Quantum Meruit Claim. Defendants' motion is **DENIED** as to Plaintiffs' Falsification of Copyright Management Information Claim. Defendants' motion is **DENIED WITHOUT PREJUDICE** as to Plaintiffs' Statutory Damages and Attorney's Fees Claim

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 17, 2020
Charleston, South Carolina