IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green,<br><br>　　Plaintiffs,<br><br>v.<br><br>Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30;<br><br>　　Defendants. | Case No. 2:19-CV-00366-RMG<br><br><br>DEFENDANTS' MOTION FOR RECONSIDERATION |

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants Kanye West ("West"), Getting Out Our Dreams, II, LLC, Def Jam Recordings, and UMG Recordings, Inc. (collectively, the "Defendants") move for reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings. (Dkt. 59.)

**I.     INTRODUCTION**

The Court's January 17, 2020 Order denied without prejudice Defendants' motion for judgment on the pleadings with respect to Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act. The Court's Order found that "there are issues of material fact as to whether Plaintiffs' copyright was preregistered prior to the commencement of the infringement and when Plaintiffs knew of the infringement . . ." Order at 5. Defendants respectfully move the Court to reconsider this ruling on the grounds that preregistration is not at issue in this action, because the Green Recording was not eligible for preregistration as a matter

of law, nor does the Amended Complaint allege that Plaintiffs preregistered the Green Recording. Moreover, the Amended Complaint alleges that Defendants released *The Life of Pablo* album, which includes the song "Ultralight Beam," on February 14, 2016. (Am. Compl. ¶ 33.) Therefore, as of February 14, 2016, Plaintiffs were on notice of the alleged infringement. For purposes of a 17 U.S.C. § 412(2) analysis, the actual date when Plaintiffs knew of the infringement is irrelevant because it is undisputed that the alleged infringement commenced *after* the first publication of the work (January 20, 2016) and *before* the effective date of registration (April 21, 2016).

Accordingly, because there are no issues of material fact in dispute with respect to whether Plaintiffs' claims for statutory damages and attorneys' fees are barred under the Copyright Act, the Court should dismiss Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act.

## II.     STATEMENT OF MATERIAL FACTS

Defendants set forth only those material facts relevant to the instant Motion.

### A.     Allegations in the Amended Complaint[1]

On January 20, 2016, Plaintiffs Andreia Samoria Green ("Andreia") and N.G. were with Alice T. Johnson ("Johnson"), the biological mother of N.G., and Plaintiff Shirley Green. (Am. Compl. ¶ 20.) Andreia and Johnson were preparing to leave on a trip to Atlanta, and N.G. decided to "pray over" Andreia to seek good fortune for her trip. (Am. Compl. ¶ 21.) Johnson used her mobile phone to record N.G. "praying over" Andreia and uploaded the video to

---

[1] The allegations in Plaintiffs' Amended Complaint recited herein are accepted as true only for purposes of this motion. *See, e.g., Thomas Daniels Agency, Inc. v. Nationwide Ins. Co. of Am.,* 122 F. Supp. 3d 448, 451 (D.S.C. 2015).

Instagram. (Am. Compl. ¶ 22.) The video "went viral" during the next few days. (Am. Compl. ¶ 24.)

On February 8, 2016, Lisa Lester ("Lester"), an attorney for Defendants, contacted Johnson to request permission to use audio from the video as a sample in the song "Ultralight Beam." (Am. Compl. ¶ 25.) Johnson and Lester corresponded by phone and email from February 8, 2016 to February 11, 2016 in an attempt to reach an agreement to use the Green Recording. (Am. Compl. ¶ 25.) In a telephone call during this time period, it became evident to Johnson that West's new album was to be released in the next few days. Johnson preliminarily agreed to allow West to use the Green Recording provided she receive payment in an amount to be determined. (Am. Compl. ¶ 27.)

On February 14, 2016, West released his album *The Life of Pablo*, which contains the song "Ultralight Beam." (Am. Compl. ¶ 33.)

On April 19, 2016, Johnson assigned her rights to the Green Recording to N.G. (Am. Compl. ¶ 40.) On April 21, 2016, Edward Fenno, an attorney for N.G., filed an application for a copyright registration of the Green Recording with the U.S. Copyright Office. (Am. Compl. ¶ 39 & Ex. C.)[2] The Copyright Office issued a copyright registration for the Green Recording (Reg. No. 1-996-946), with an effective date of April 21, 2016 (the "Copyright Registration"). (Am. Compl. Ex. C.) The Copyright Registration lists the date of first publication of the Green Recording as January 20, 2016—the date that the Green Recording was created and uploaded to Instagram by Johnson. (Am. Compl. Ex. C.)

---

[2] The "effective date of a copyright registration is the day on which an application, deposit, and fee ... have all been received in the Copyright Office." 17 U.S.C. § 410(d).

B.     The Court's Order

On December 19, 2019, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss the following claims: (1) Plaintiffs' claims for statutory damages and attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(c) and 505; (2) Plaintiff Andreia Samoria Green's claims for copyright infringement; (3) Plaintiffs' claim for falsification of copyright management information; and (4) Plaintiffs' quantum meruit claim. (Dkt. No. 52.) On January 3, 2020, Plaintiffs filed an opposition to Defendants' motion for judgment on the pleadings. (Dkt. 55.) On January 9, 2020, Defendants filed a reply brief. (Dkt. 58.)

On January 17, 2020, the Court issued an Order granting in part and denying in part Defendants' motion for judgment on the pleadings. (Dkt. 59.) Specifically, the Court granted dismissal of Plaintiff Andreia Samoria Green's copyright infringement claims and Plaintiffs' quantum meruit claim. The Court denied Defendants' motion with respect to Plaintiffs' falsification of copyright information claims and denied without prejudice Defendants' motion with respect to Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act.

In addressing the issue of Plaintiffs' claims for statutory damages and attorneys' fees, the Court found:

> Section 412 applies to 'an action for infringement of the copyright of a *work that has been preregistered* under Section 408(f) *before the commencement of the infringement . . .*" 17 U.S.C. § 412. The Court has no information as to whether Plaintiffs' copyright was preregistered before the commencement of infringement in this case. In addition, the copyright also must have 'an effective date of registration not later than the earlier of 3 months after the first publication of the work *or 1 month after the copyright owner has learned of the infringement . . .*" *Id.* The Complaint presents few allegations for the Court to determine when Plaintiffs learned of the infringement. The Complaint alleges that on February 8, 2016, a lawyer for Defendants West, Good, UMG, and Def Jam allegedly contacted Alice

> T. Johnson (N.G.'s biological mother) to request permission to use the Green samples. (*Id.* at ¶ 15.)  The Complaint also alleges that on February 14, 2016, "The Life of Pablo" was released and featured the Green samples. (Dkt. No. 15 at ¶ 33.) Taking the factual allegations as true and in a light most favorable to Plaintiffs, there are issues of material fact as to whether Plaintiffs' copyright was preregistered prior to the commencement of the infringement and when Plaintiffs knew of the infringement.  Based on the factual allegations, it is premature for the Court to determine whether Plaintiffs' claims for statutory damages and attorneys' fees are barred under 17 U.S.C. § 412.

Order at 4-5.

As explained below, Defendants are requesting the Court to reconsider its denial of Defendants' motion with respect to Plaintiffs' claim for statutory damages and attorneys' fees, because Plaintiffs' copyright was not eligible for preregistration as a matter of law, nor did Plaintiffs allege preregistration of the copyright in the Amended Complaint.

### III. ARGUMENT

#### A. The Court's Power to Reconsider

Pursuant to Federal Rule of Civil Procedure 54(b), "any order … that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties … may be revised at any time before the entry of judgment adjudicating … all the parties' rights."  Fed. R. Civ. P. 54(b). Under Federal Rule of Civil Procedure 54(b), the Court retains the power to reconsider and modify its interlocutory orders at any time prior to final judgment when such is warranted.  *See Am. Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 473-74 (M.D.N.C. 2003) ("A court may revisit interlocutory orders at any time prior to final judgment under Fed. R. Civ. P. 54(b) or its inherent authority.").  The Court should modify a prior ruling when the court is convinced that the prior ruling was incorrect, *Eady v. Koon*, No. 3:12-CV-1671-CMC, 2013 WL 1816597, at *1 (D.S.C.

Apr. 29, 2013), or when the court has misapprehended the facts or applicable law, *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005).

B.  **The Court Should Reconsider Its Ruling Regarding Plaintiffs' Claims for Statutory Damages and Attorneys' Fees**

   1.  **Preregistration Under the Copyright Act**

In 2005, Congress enacted the Artists' Rights and Theft Prevention Act (the "ART Act"), which created a preregistration process for certain classes of works being prepared for commercial distribution that have a history of pre-release infringement.  17 U.S.C. § 408(f); *see* U.S. Copyright Office's Preregistration FAQ's, accessible at: www.copyright.gov/help/faq/faq-prereg.html.[3]  The purpose of this preregistration process was to address piracy concerns for pre-released commercial works, such as movies and music albums, plaguing the entertainment industry.  *See* Library of Congress, U.S. Copyright Office, Preregistration of Certain Unpublished Copyright Claims, 70 FR 42286-01 (July 22, 2005)[4] ("As Senator Hatch, the sponsor of the legislation, stated upon introducing the ART Act, 'Obviously, the increasingly frequent situation of copyrighted works being distributed illegally via the Internet before they are even made available for sale to the public severely undercuts the ability of copyright holders to receive fair and adequate compensation for their works.'  151 Cong. Rec. S495 (daily ed. Jan. 25, 2005).  Senator Cornyn, a cosponsor, explained that the legislation 'focuses on the most egregious form of copyright piracy plaguing the entertainment industry today—the piracy of

---

[3]  For the Court's convenience, a copy of the U.S. Copyright Office's Preregistration FAQ's is attached hereto as **Exhibit A**.

[4]  For the Court's convenience, a copy of the U.S. Copyright Office's Preregistration of Certain Unpublished Copyright Claims, 70 FR 42286-01 (July 22, 2005) is attached hereto as **Exhibit B**.

3632206.1                                                                 6

film, movies, and other copyrighted materials before copyright owners have had the opportunity to market fully their products.' *Id.* at S498.").

Prior to the ART Act, movies studios and record companies were unable to file copyright infringement actions for unfinished movies and music albums that were illegally distributed prior to the official release of these works, because they were unable to obtain copyright registrations for unfinished, pre-released works under the Copyright Act. *Id.*

Preregistration is *only* available for motion pictures, sound recordings, musical compositions, literary works being prepared for publication in book form, computer programs, including video games, and advertising or marketing photographs, that meet certain eligibility requirements for preregistration of copyright. 37 C.F.R. § 202.16(b)(1)(i)-(vi).[5] As explained in further detail below, a work is eligible for preregistration *only* if it is: "(i) Unpublished; (ii) Being prepared for commercial distribution; and (iii) In a class of works that the Register of Copyrights has determined has had a history of infringement prior to authorized commercial release." 37 C.F.R. § 202.16(b)(3). If the work does not meet the eligibility requirements for preregistration, a copyright owner cannot utilize the preregistration process.

### 2. The Green Recording Was Not Eligible For Preregistration As A Matter of Law

Under the Copyright Act, a work is eligible for preregistration if it is "(i) Unpublished; (ii) Being prepared for commercial distribution; and (iii) In a class of works that the Register of Copyrights has determined has had a history of infringement prior to authorized commercial release." 37 C.F.R. § 202.16(b)(3).

---

[5] For the Court's convenience, a copy of the U.S. Copyright Office's regulations governing Preregistration of Copyrights, 37 C.F.R. § 202.16 is attached hereto as **Exhibit C.**

As explained below, the Green Recording does not meet ***any*** of the criteria for preregistration, as a matter of law.

### a.     The Green Recording Was Published On January 20, 2016

The Amended Complaint alleges that on January 20, 2016, Alice T. Johnson "used her mobile phone to record N.G. 'praying over' Andreia, and subsequently uploaded the video to Instagram, a photograph and video sharing platform." (Am. Compl. ¶¶ 20-22.) The Copyright Registration attached to the Amended Complaint confirms that the date of first publication was January 20, 2016. (Am. Complt. Ex. A.) Thus, the Green Recording was published on January 20, 2016 when Johnson uploaded the video to Instagram and made it available to the public.

In order to be eligible for preregistration of a copyright, the work in question must be ***unpublished*** at the time of filing for preregistration. 37 C.F.R. § 202.16(b)(3)(i). Because the Green Recording was published on January 20, 2016 (the same day that the video was created by Johnson), the Green Recording could not have qualified for preregistration, as a matter of law.

### b.     The Green Recording Was Not Being Prepared for Commercial Distribution

As explained above, Congress created a preregistration process for certain copyrighted works, specifically, to provide protections to works being prepared for "commercial distribution." This means that preregistration is *only* available for works that are "being prepared for commercial distribution." 17 U.S.C. § 408(f).

The Copyright Office's regulations define the term "being prepared for commercial distribution" as follows:

> A work is being prepared for commercial distribution if: (i) The claimant, in a statement certified by the authorized preregistering party, has a reasonable expectation that the work will be commercially distributed to the public; and (ii) Preparation of the work has commenced and at least some portion of the work has been fixed in a tangible medium of expression, as follows:

(A) For a motion picture, filming of the motion picture must have commenced;

(B) For a sound recording, recording of the sounds must have commenced;

(C) For a musical composition, at least some of the musical composition must have been fixed either in the form of musical notation or in a copy or phonorecord embodying a performance of some or all of the work;

(D) For a literary work being prepared for publication in book form, the actual writing of the text of the work must have commenced;

(E) For a computer program, at least some of the computer code (either source code or object code) must have been fixed; and

(F) For an advertising or marketing photograph, the photograph (or, in the case of a group of photographs intended for simultaneous publication, at least one of the photographs) must have been taken.

37 C.F.R. § 202.16(b)(2).

The Green Recording was not "being prepared for commercial distribution." The Amended Complaint acknowledges that the Green Recording was uploaded to Instagram, a public social media platform, where it "'went viral' during the next few days, garnering thousands of page views." (Am. Complt. ¶¶ 22, 24.) Because the Green Recording was not being prepared for commercial distribution, the Green Recording could not have qualified for preregistration, as a matter of law.

### c. The Green Recording Is Not In A Class Of Works That Has A History of Infringement Prior To Authorized Commercial Release

In order to be eligible for preregistration, a work must be in a class of works that has a history of infringement prior to the authorized commercial release. 37 C.F.R. § 202.16(b)(3)(iii). "A work is in a class of works that the Register of Copyrights has determined has had a history of infringement prior to authorized commercial release if it falls within one of the following classes of works:

      (i)      Motion pictures;

      (ii)     Sound recordings;

      (iii)    Musical compositions;

      (iv)    Literary works being prepared for publication in book form;

      (v)     Computer programs (including videogames); or

      (vi)    Advertising or marketing photographs."

37 C.F.R. § 202.16(b)(1)(i)-(vi).

The Green Recording does not fall into one of the classes of works that have a history of pre-release infringement as specified in 37 C.F.R. § 202.16(b)(1)(i)-(vi). The Green Recording was an amateur video taken by Johnson on her mobile phone and uploaded to Instagram for the public to view. (Am. Compl. ¶¶ 20-22.) The Green Recording was not a motion picture, a sound recording, musical composition, a literary work, a computer program, or an advertising or marketing photograph. Because the Green Recording was not in a class of work that has a history of pre-release infringement, the Green Recording could not have qualified for preregistration, as a matter of law.

### 3. The Amended Complaint Does Not Allege Preregistration Of The Green Recording

The Amended Complaint does not allege that Plaintiffs preregistered the Green Recording. Plaintiffs allege only that: "The original, protectable performing arts work of N.G. and Andreia Green that contains the Green Samples was validly registered with the United States Copyright Office, effective April 21, 2016, as PA 1-996-949 (Exhibit C)." (Am Compl. ¶ 39.) Nor do Plaintiffs assert in their Opposition that Plaintiffs filed for preregistration of the Green Recording or even that preregistration is a basis for denial of Defendants' motion for judgment on the pleadings. *See* Opp. This is not surprising because as explained above, it is clear that the

Green Recording was ineligible for preregistration, as a matter of law. Plaintiffs would not have been able to preregister the Green Recording with the Copyright Office, because it did not meet any of the eligibility requirements for preregistration.

Therefore, Defendants move the Court to reconsider its ruling regarding Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act, because preregistration is not at issue in this action. *See Sleep Science Partners v. Lieberman*, No. 09-04200 CW, 2010 WL 1881770, at *6 (N.D. Cal. May 10, 2010) (dismissing Plaintiff's copyright infringement claim where "Plaintiff does not argue that it applied for preregistration or that it filed an Electronic Form PRE. Nor does it assert facts to suggest that the website is eligible for preregistration. On the contrary, Plaintiff asserts that it applied for registration of its copyright. Moreover, it has already published the website on the Internet and made it available to the public.").

### 4. Plaintiffs' Claims for Statutory Damages and Attorneys' Fees Are Barred Under Section 412(2)

Section 412 of the Copyright Act provides:

In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

As explained above, preregistration is not at issue in this action, because the Green Recording did not meet any of the eligibility requirements for preregistration, nor do Plaintiffs allege that they preregistered the Green Recording in the Amended Complaint. On the contrary, Plaintiffs allege that they applied for and obtained a copyright registration of the Green Recording. (Am. Compl. ¶ 39 & Ex. C.) The Copyright Registration has an effective date of April 21, 2016, which means that Plaintiffs filed an application for copyright registration of the Green Recording on April 21, 2016. *See* 17 U.S.C. § 410(d) (The "effective date of a copyright registration is the day on which an application, deposit, and fee . . . have all been received in the Copyright Office.").

Similarly, the action is not an action instituted under Section 411(c) of the Copyright Act. Section 411(c) concerns a copyright holder's rights with respect to live broadcasts. *See MerchDirect LLC v. Cloud Warmer, Inc.*, No. 17CV4860RRMARL, 2019 WL 4918044, at *8 (E.D.N.Y. Sept. 30, 2019) ("Under § 411(c), a copyright owner may also sue for infringement of a live broadcast before 'registration ... has been made,' provided the owner 'declare[s] an intention to secure copyright in the work' and 'makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission.' 17 U.S.C. §§ 411(c)(1)-(2)."). Thus, it is clear that this action was not instituted under Section 411(c), because the Green Recording was not a live broadcast. Nor do Plaintiffs allege that the action is brought under Section 411(c).

Under Section 412(1), Plaintiffs are not eligible for statutory damages or attorneys' fees because the Green Recording was not an "unpublished work" and the alleged infringement commenced after the date of first publication, January 20, 2016—the date that the Green Recording was created and uploaded to Instagram by Johnson. 17 U.S.C. § 412(1).

Under Section 412(2), Plaintiffs are not eligible for statutory damages or attorneys' fees because the Green Recording was first published on January 20, 2016, the effective date of the Copyright Registration is April 21, 2016, and the alleged infringement commenced after the first publication of the work. This is necessarily true because Defendants could not have infringed the Green Recording before it was created and published on January 20, 2016.

As explained in Defendants' motion for judgment on the pleadings, Section § 412(2) of the Copyright Act bars an award of statutory damages and attorneys' fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2); *see Phoenix Renovation Corp. v. Rodriguez,* 258 F. App'x 526, 532 (4th Cir. 2007) (plaintiff could not seek statutory damages under 17 U.S.C. § 504(c) because the infringement commenced prior to the effective date of the copyright registration).

Notably, in their opposition to Defendants' motion for judgment on the pleadings, Plaintiffs do not dispute that Defendants' alleged infringement of Plaintiffs' copyright commenced *prior to* the effective date of the Copyright Registration (April 21, 2016). Opp. at 2. Rather, Plaintiffs argue that the April 21, 2016 effective date of registration falls within the three-month grace period of 17 U.S.C. § 412(2). As explained in detail in Defendants' motion, Plaintiffs are incorrect. The Copyright Registration does not fall within the three-month grace period of 17 U.S.C. § 412(2). *See* Defs.' Mot. at 3-4; Defs.' Reply at 2-4. According to the Amended Complaint, the Green Recording was first published on January 20, 2016 and the effective date of registration for the Copyright Registration is April 21, 2016 – exactly three months and one day *after* first publication. Thus, even assuming Plaintiffs' legally unsupported

argument that the three-month grace period commences the day after the date of first publication, Plaintiffs failed to timely register the Green Recording within three months of first publication.

Accordingly, there are no issues of material fact in dispute with respect to whether Plaintiffs' claims for statutory damages and attorneys' fees are barred under the Copyright Act.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order denying Defendants' motion for judgment on the pleadings with respect to Plaintiffs' claims for statutory damages and attorneys' fees and issue a ruling that Plaintiffs' claims for statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c), 505 (counts I, II, III) are barred by 17 U.S.C. § 412(2).

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: S/JOHN C. MCELWAINE
John C. McElwaine
Federal Bar No. 6710
E-Mail: john.mcelwaine@nelsonmullins.com
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robert.whelan@nelsonmullins.com
M. Kathleen McTighe Mellen
Federal Bar No. 11652
E-Mail: katie.mellen@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

Grace W. Kang (*admitted pro hac vice*)
E-mail:  gkang@birdmarella.com
Christopher Jumin Lee (*admitted pro hac vice*)
E-mail:  clee@birdmarella.com
1875 Century Park East, 23rd Fl.
Los Angeles, CA 90067-2561
(310) 201-2100

*Attorneys for Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings and UMG Recordings, Inc.*

Charleston, South Carolina
January 31, 2020