IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green, <br><br> Plaintiffs, <br><br> v. <br><br> Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30; <br><br> Defendants. | Case No. 2:19-CV-00366-RMG <br><br><br><br><br><br><br> **CONSENT MOTION TO AMEND SCHEDULING ORDER** |

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 6.01, Defendants Kanye West, Getting Out Our Dreams, II, LLC, UMG Recordings, Inc., and Def Jam Recordings ("Defendants") move the Court to amend the Consent Amended Scheduling Order, (ECF No. 41), to extend the unexpired deadlines set forth therein. Counsel has been informed by counsel for the plaintiffs that the plaintiffs consent to the relief requested in this motion.

The requested extensions of the unexpired deadlines are set forth in the attached proposed Consent Second Amended Scheduling Order and are detailed as follows:

- A 120 day extension until June 1, 2020 of Plaintiffs' Expert Disclosure deadline, which is currently January 31, 2020;

- A 120 day extension until June 29, 2020 of Defendants' Expert Disclosure deadline, which is currently February 28, 2020;

- A 120 day extension until July 7, 2020 of the Records Custodian Witnesses deadline, which is currently March 9, 2020;

- A 120 day extension until July 3, 2020 of the Discovery deadline, which is currently March 2, 2020;

- A 120 day extension until August 11, 2020 of the Dispositive Motions and Daubert Motions deadline, which is currently April 13, 2020;

- A 120 day extension until October 29, 2020 of the Trial not before date, which is currently July 1, 2020.

Defendants are requesting these extensions because additional time is required to complete discovery. In December 2019, the Parties agreed to a thirty (30) day stay of discovery in order to attend mediation. (*See* ECF No. 50) ("To facilitate settlement of this action, the Parties have agreed to stay discovery for thirty days and conduct early mediation within the next thirty days."). Unfortunately, the mediation was unsuccessful. In accordance with the Parties' agreement, the Parties recently served their respective discovery responses and are currently in the meet and confer process in accordance with Local Civil Rule 7.02.

Good cause exists to extend the current deadlines in the Consent Amended Scheduling Order. The Parties require additional time to complete document productions, to prepare statements of profits and expenses relating to damages, to conduct fact witness depositions and to conduct expert discovery. Defendants have requested a 120 day extension of the current deadlines, because it will take approximately 10 (ten) weeks for Defendants to compile and produce the financial information at issue in the action. This financial information is necessary for the Parties to prepare expert reports and to conduct expert discovery. As detailed in the accompanying Declaration of Carla M. Miller:

> It will take approximately 10 (ten) weeks for Universal Music Group ("UMG") to prepare these statements, because of the volume of information and data at issue that needs to be compiled and allocated across numerous departments within the company. Importantly, UMG does not maintain album- or track-level profit and loss statements in the ordinary course of business. Thus, the required data and information for these types of analyses must be manually compiled from numerous systems (including UMG's manufacturing and logistics, royalties, sales, licensing systems) and the statements then must be created by UMG's Finance Department

> – separate and apart from their other daily operational duties. Although UMG has established a format and protocol for the preparation of these types of profit and loss statements for litigation purposes, the process requires significant lead time, as well as coordination across multiple corporate departments, followed by a quality control review – particularly, in light of the fact that UMG does not have a dedicated team to create the statements. I understand Defendants' discovery obligations in this action and under the Federal Rules of Civil Procedure. I can attest that UMG will diligently prepare these statements. However, it will take approximately 10 (ten) weeks to do so.

Declaration of Carla M. Miller, dated January 23, 2020 ("Miller Decl."), ¶¶ 4-5.

This is the second request to amend the Court's scheduling order and the deadlines have been previously extended as reflected in the Amended Scheduling Order, (ECF No. 41).

**WE SO MOVE:**

By: S/ROBERT W. WHELAN
John C. McElwaine
Federal Bar No. 6710
E-Mail: john.mcelwaine@nelsonmullins.com
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robert.whelan@nelsonmullins.com
M. Kathleen McTighe Mellen
Federal Bar No. 11652
E-Mail: katie.mellen@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

Grace W. Kang (*admitted pro hac vice*)
E-mail: gkang@birdmarella.com
Christopher Jumin Lee (*admitted pro hac vice*)
E-mail: clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Fl.
Los Angeles, CA 90067-2561
(310) 201-2100
*Attorneys for Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings and UMG Recordings, Inc.*

Dated: January 31, 2020