IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green, <br><br> Plaintiffs, <br><br> v. <br><br> Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30; <br><br> Defendants. | Case No. 2:19-CV-00366-RMG <br><br><br> DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION |

Defendants Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings, and UMG Recordings, Inc. (collectively, the "Defendants") submit this reply in further support of Defendants' motion for reconsideration (Dkt. 61) of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings (Dkt. 59).

**I.     INTRODUCTION**

In its January 17, 2020 Order, the Court denied Defendants' motion for judgment on the pleadings with respect to Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act on the grounds that "there are issues of material fact as to whether Plaintiffs' copyright was preregistered prior to the commencement of the infringement and when Plaintiffs knew of the infringement . . ." (Order at 5, Dkt. 59.)  As detailed in Defendants' motion for reconsideration, preregistration is not at issue in this action, because the Green Recording was

not eligible for preregistration under 37 C.F.R. § 202.16(b)(3), nor does the Amended Complaint allege that Plaintiffs preregistered the Green Recording.

In their opposition brief, Plaintiffs do not claim that they preregistered the Green Recording. Rather, Plaintiffs assert a new argument that the effective date of the copyright registration for the Green Recording (hereinafter, "Copyright Registration") should have been April 20, 2016, rather than April 21, 2016. This argument is categorically false, because, as explained below, the "effective date" of a copyright registration is the day on which "an application, deposit, and fee . . . have all been received in the Copyright Office." 17 U.S.C. § 410(d).

Although Plaintiffs submitted an application for the Green Recording on April 20, 2016, Plaintiffs did not submit the "deposit" until April 21, 2016. (*See* Acknowledgment of Uploaded Deposit, dated April 21, 2016, attached as **Ex. A**.)[1] Thus, the Copyright Office properly issued an "effective date" of April 21, 2016 for the Copyright Registration, in accordance with 17 U.S.C. § 410(d).

Accordingly, there are no material facts in dispute with regard to Plaintiffs' ineligibility for statutory damages and attorneys' fees under the Copyright Act. Therefore, Defendants move the Court to reconsider its ruling regarding Plaintiffs' claims for statutory damages and attorneys' fees because preregistration is not at issue in this action and Plaintiffs' claims for statutory damages and attorneys' fees are barred under 17 U.S.C. § 412(2).

---

[1] The Acknowledgement of Uploaded Deposit was produced by Plaintiffs at Bates Plaintiffs_011020_8.

**II.     ARGUMENT**

**A.     The Effective Date of the Copyright Registration is April 21, 2016**

The Copyright Registration for the Green Recording is attached as Exhibit C to the Amended Complaint and lists an effective date of April 21, 2016. (Am. Compl. Ex. C, Dkt. 15.)

In their opposition brief, Plaintiffs claim that "the proper effective date of registration should have been April 20, 2016, rather than April 21, 2016" because Plaintiffs submitted the application for copyright registration of the Green Recording on April 20, 2016. (Opp. Br. at 2, Dkt. 67.) This argument fails because Plaintiffs did not submit the "deposit" with the Copyright Office until April 21, 2016. (*See* Ex. A.)

Section 410(d) of the Copyright Act provides:

> The ***effective date of a copyright registration*** is the day on which ***an application***, ***deposit***, ***and fee***, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, ***have all been received in the Copyright Office***.

17 U.S.C. § 410(d) (emphasis added).

This means that the "effective date" of a copyright registration is the date upon which an application, a deposit, and a fee "have ***all*** been received in the Copyright Office." *See id*. (emphasis added). Although Plaintiffs submitted an application for the Green Recording on April 20, 2016, Plaintiffs did not submit the "deposit" until April 21, 2016. (*See* Ex. A.) Thus, the Copyright Office properly issued an "effective date" of April 21, 2016 for the Copyright Registration, in accordance with 17 U.S.C. § 410(d).

Plaintiffs only attached the confirmation of application and payment for copyright registration with their opposition brief, despite the fact that Plaintiffs had a copy of the "Acknowledgment of Uploaded Deposit" in their possession and were fully aware that the

copyright application deposit was not submitted to the Copyright Office until April 21, 2016. Notably, the confirmation of application attached to Plaintiffs' opposition brief expressly states: "To complete your submission, please submit the required copy(ies) of your work (http://www.copyright.gov/eco/help-deposit-req.html)."  (Dkt. 67-1.)

Thus, the Court should disregard Plaintiffs' attempts to confuse and misstate the effective date of the Copyright Registration.

**B.     Plaintiffs' Claims for Statutory Damages and Attorneys' Fees Are Barred Under Section 412(2)**

Section 412 of the Copyright Act provides:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1)   any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

As detailed in Defendants' motion for reconsideration, preregistration, Section 411(c) and Section 412(1) are not at issue in this action.  Under Section 412(2), statutory damages and attorneys' fees are barred where "any infringement of copyright commenced after first

publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2).

Here, it is undisputed that the alleged infringement commenced *after* first publication of the work, because the Green Recording was first published on January 20, 2016—the same date that the Green Recording was created and uploaded to Instagram by Alice T. Johnson. (Am. Compl. ¶¶ 20-23, Dkt. 15; Am. Compl. Ex. C., Dkt. 15-3.) Similarly, it is undisputed that the alleged infringement commenced *before* the effective date of registration, because Defendants publicly released *The Life of Pablo* album, which includes the song "Ultralight Beam," on February 14, 2106 and the effective date of the Copyright Registration is April 21, 2016. (Am. Compl. ¶ 33, Dkt. 15; Am. Compl. Ex. C, Dkt. 15-3.)

In their opposition brief, Plaintiffs concede that the Copyright Registration does not fall within the three-month grace period by arguing that the effective date of the Copyright Registration should have been April 20, 2016, instead of April 21, 2016. As explained above, the Copyright Office properly issued an effective date of April 21, 2016 for the Copyright Registration, because Plaintiffs did not submit the deposit until April 21, 2016. (*See* Ex. A.) Thus, it is undisputed that the Green Recording was first published on January 20, 2016 and the effective date of registration for the Copyright Registration is April 21, 2016 — exactly three months and one day *after* first publication. Plaintiffs failed to timely register the Green Recording within three months of first publication.

Accordingly, there are no issues of material fact in dispute with respect to whether Plaintiffs' claims for statutory damages and attorneys' fees are barred under 17 U.S.C. § 412(2) and therefore, the Court should dismiss Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order denying Defendants' motion for judgment on the pleadings with respect to Plaintiffs' claims for statutory damages and attorneys' fees and issue a ruling that Plaintiffs' claims for statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c), 505 (counts I, II, III) are barred by 17 U.S.C. § 412(2).

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ John C. McElwaine
John C. McElwaine
Federal Bar No. 6710
E-Mail: john.mcelwaine@nelsonmullins.com
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robert.whelan@nelsonmullins.com
M. Kathleen McTighe Mellen
Federal Bar No. 11652
E-Mail: katie.mellen@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC  29401-2239
(843) 853-5200

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

Grace W. Kang (*admitted pro hac vice*)
E-mail: gkang@birdmarella.com
Christopher Jumin Lee (*admitted pro hac vice*)
E-mail: clee@birdmarella.com
1875 Century Park East, 23rd Fl.
Los Angeles, CA 90067-2561
(310) 201-2100

*Attorneys for Kanye West, Getting Out Our Dreams, II, LLC, Def Jam Recordings and UMG Recordings, Inc.*

Charleston, South Carolina
February 21, 2020