**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child)** and **Andreia Samoria Green** <br><br> Plaintiffs, <br><br> v. <br><br> **Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group**; **Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US** and **John Does 1-30**; <br><br> Defendants. | Case No. 2:19-cv-00366-RMG <br><br> **PLAINTIFFS' CONSENT MOTION FOR LEAVE TO FILE UNREDACTED DOCUMENT UNDER SEAL AND TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT** |

Plaintiffs, with the consent of Defendants Kanye West, Getting Out Our Dreams, II, LLC, UMG Recordings, Inc. a/k/a Universal Music Group, and Def Jam Recordings ("Defendants"), respectfully ask the Court for leave to file under seal the unredacted form of Plaintiffs' Verified Petition for Approval of Minor Settlement (the "Petition") and to maintain the confidentiality of the terms redacted from the Petition. A redacted form of the Petition, showing the parts of the Petition that the parties wish to keep confidential, is attached as **Exhibit A** to this motion. With the Court's leave, the redacted Petition would be filed in the public record, and the unredacted version would be filed under seal.

The motion is made pursuant to D.S.C. Local Rule 1.02, which allows any other Local Civil Rule to be modified or suspended for good cause shown in a particular case, as well as Local Rule 5.03, which sets forth the procedure for filing documents under seal. This motion, and the redacted portions of the document that is the subject of it, meet the factors for sealing a document

set out by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), and *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Specifically:

1. Public notice of the request to seal and opportunity to object is afforded by virtue of this publicly filed motion and the description of subject document in the motion and in the chart below.

2. The parts of the Petition that the parties wish to keep confidential are shown by the redactions in **Exhibit A**. Pursuant to Local Rule 5.03(C), the unredacted Petition is separately submitted with the motion in a sealed envelope for review by the Court *in camera.* With the Court's leave, the redacted form would be filed in the public record, and the unredacted form would be filed under seal with the Court for *in camera* review. Nothing else about this settlement, other than what is redacted, will be secret, and the Order sought will not result in the destruction, removal, or sealing of any evidence of alleged wrongdoing. This is the least restrictive means of protecting the confidential information which is being sought for the benefit and protection of N.G. a minor under the age of 10.

3. There is good reason to seal the requested document.

(a) N.G. is a nine-year-old child who lives with her adoptive parents, Andrew Green and Shirley Green. N.G. also hails from a very small community with a population of just under 3,300. The Plaintiffs and the Settling Defendants believe that publicity of the settlement agreement's terms would be detrimental to N.G., a minor under the age of ten, and granting this motion to seal will protect the minor child from opportunistic relatives and members in the community as well as unwanted media attention that could negatively impact the development of N.G. As Judge Joseph Anderson recognized in his important article on court-enforced confidentiality, Local Rule 1.02 "preserv[es] the ability of the presiding judge to seal a settlement

when, for example, … a particularly vulnerable party needs to be shielded from the glare of an otherwise newsworthy settlement." J. Anderson, *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C.L. Rev. 711, 723 (2004). The entire passage from Judge Anderson's article in which the above quotation appears reads as follows:

> While at first blush Rule 5.03([E]), as adopted, may appear to be rigid and inflexible, admitting no exceptions, it must be read in conjunction with <u>another local rule that provides an escape valve</u> for cases for which a legitimate need for court-ordered secrecy can be demonstrated. Local Rule 1.02 provides that '[f]or good cause shown in a particular case, the court may suspend or modify any local rule.' Read together, Local Rules 1.02 and 5.03([E]) establish a preference for openness at settlement, while still preserving the ability of the presiding judge to seal a settlement when, for example, proprietary information or trade secrets need to be protected, or a particularly vulnerable party needs to be shielded from the glare of an otherwise newsworthy settlement.

  (b) N.G. actively participated in the litigation of this matter, was deposed, listened to counsel, voiced her concerns about how the trial of the case would proceed, and in consultation with her adoptive parents, Andrew and Shirley Green, made the ultimate decision to settle. Andrew Green as the duly appointed conservator of N.G., the minor Plaintiff, strongly believes the settlement is of appropriate value, in the best interest of the minor Plaintiff, and a reasonable resolution of her claims against the Defendants, even if conditioned on non-disclosure of the settlement's terms. In considering the risks and expenses of trial, including the factual and legal defenses asserted by the Settling Defendants, possible appeal of even a successful jury verdict, and the emotional and psychological costs of requiring the minor child to testify, Andrew Green, as the duly appointed conservator of N.G., the minor Plaintiff, believes the settlement is reasonable and appropriate. Importantly, N.G. is a minor, and while her identity has been protected as much as possible pursuant to the protective order issued in this case, public disclosure of the terms of the settlement may bring additional undesired publicity to Plaintiffs' case and to N.G. and could

risk compromising the minor Plaintiff's identity. Additionally, sealing the terms of the settlement also provides additional protection for the minor Plaintiff from those who may wish to either influence the results of the settlement or even seek to invade it.

(c)     Furthermore, approval of this settlement will end all litigation. Thus, the present opportunity to settle with Defendants weighs in favor of settlement as conditioned. The current situation is totally different from the abuses of secret settlements which led to the rule change in Local Rule 5.03, where for example the manufacturer of an allegedly defective and dangerous product was continuing to market the product, or where a doctor accused of malpractice was continuing to practice medicine, and secret settlements were used to conceal evidence of the dangers posed by them to the public safety.

(d)     Lastly, none of the abuses which led to the adoption of Local Rule 5.03(E), which are summarized in Judge Anderson's article, are implicated by this motion. As Judge Anderson notes in his article, when none of the other negative aspects of secret settlements (such as destruction of evidence or vacatur of prior court orders) are involved, he had no real objection to keeping certain terms of settlement confidential in most cases. *Id.* at 742.

For these reasons, the Plaintiffs respectfully requests that the Court grant this motion and permit Plaintiffs to file the Verified Petition for Approval of Minor Settlement in redacted form in the public record and submit it for *in chambers* review in unredacted form under seal. Plaintiffs further request that the Court order that the redacted terms of the settlement not be disclosed in any open court hearing.

## **CERTIFICATIONS**

Counsel hereby certifies that the Plaintiff has complied with Local Rule 5.03. Specifically, this motion (1) identifies with specificity the document that is the subject of this motion; (2) states

the reasons why sealing is necessary; (3) explains why less drastic alternatives to sealing would not afford adequate protection; and (4) addresses the factors concerning sealing set out in controlling case law. Counsel further certifies that Defendants consent to this request.

Dated: 11/01/2020                    By:    /s/ J. Taylor Powell

Ellis R. Lesemann (Fed ID No. 7168)
erl@lalawsc.com
J. Taylor Powell (Fed ID No. 12265)
jtp@lalawsc.com
Michelle A. Matthews (Fed ID No. 12460)
mam@lalawsc.com
Lesemann & Associates
418 King Street, Suite 301
Charleston, SC 29403
(843) 724-5155

and

Jason Scott Luck (# 9696)
107 S. Parsonage St. (P.O. Box 47)
Bennettsville, SC 29512
843.479.6863 (o)
843.479.7222 (f)
jason@luck.law

**Attorneys for Plaintiffs**

## **Documents to be Filed under Seal**

| Document | Non-confidential Description |
|---|---|
| Exhibit A | Plaintiffs' Verified Petition for Approval of Minor Settlement |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 1, 2020, I electronically filed the foregoing document with the United States District Court for the District of South Carolina, Charleston Division, and it is available for viewing and downloading from the ECF system for all counsel of record. I further certify that on this day I caused to be served, via ECF, a copy of said document to the attorneys of record listed below:

John McElwaine, Esq.
Robert Whelan, Esq.
Nelson Mullins Riley & Scarborough, LLP
151 Meeting Street, 6th Floor
Charleston, SC 29401

Eleanor Lackman, Esq.
Mark Humphrey, Esq.
Mitchell Silberberg & Knupp LLP
427 Madison Avenue, 25th Floor
New York, NY 10022