# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Andrew Green and Shirley Green, as legal guardians of N.G. (a minor child) and Andreia Samoria Green ) ) ) ) Plaintiffs, ) ) v. ) ) Kanye West; Getting Out Our Dreams, II, LLC; UMG Recordings, Inc. a/k/a Universal Music Group; Def Jam Recordings; Cydel Young d/b/a Mr. Redan Music a/k/a Mr. Redan; BMG Rights Management (US), LLC a/k/a BMG Platinum Songs US and John Does 1-30, ) ) ) ) ) ) ) ) ) Defendants. ) ) | Civil Action No. 2:19-00366-RMG<br><br>**ORDER** |

## I. Background

This matter is before the Court upon Plaintiffs' Motion to Seal pursuant to South Carolina Local Rules 1.02 and 5.03. (Dkt. No. 129). Plaintiffs seek leave to file under seal their Petition for Approval of Minor Settlement. (*Id.*). Defendants Kanye West, Getting Out Our Dreams, II, LLC, UMG Recordings, Inc. a/k/a Universal Music, and Def Jam Recordings ("Defendants") have consented to the instant motion. For the reasons set forth below, the Court denies Plaintiffs' Motion to Seal. (Dkt. No. 129).

## II. Discussion

Plaintiffs seek leave to file under seal an unredacted Petition for Approval of Minor Settlement to maintain the confidentiality of: the settlement amount; Plaintiffs' settlement proceeds; and attorney's fees and litigation expenses. Plaintiffs seek leave to file in the public record a Petition redacting these settlement terms. (Dkt. No. 129-1). Plaintiffs separately

1

submitted the sealed Petition for the Court's review *in camera*. Plaintiffs argue there is good cause to seal the Petition to protect the minor child, N.G., from unwanted media attention and from those who may wish to influence the results of the settlement or seek to invade it. (Dkt. No. 129 at 2-4).

The District of South Carolina Local Civil Rule 5.03, governs the filing of documents under seal. The Rule states that a party seeking to file documents under seal shall file a motion and a memorandum, which shall:

> "(1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. *E.g.*, *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)." D.S.C. Local Civ. R. 5.03 (A).

The Local Rule also provides that "[t]he Clerk shall provide public notice of the Motion to Seal in the manner directed by the Court . . . this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal." D.S.C. Local Civ. R. 5.03 (D). The Local Rule specifies that "[n]o settlement agreement filed with the court shall be sealed pursuant to the terms of this rule." D.S.C. Local Civ. R. 5.03 (E). Local Rule 1.02 allows the Court to suspend or modify any Local Civil Rule for good cause shown. D.S.C. Local Civ. R. 1.02.

The Supreme Court recognized a common law right to inspect and copy judicial records and documents in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This right is not absolute, however, and the court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests," but the "presumption" in such cases favors public access. *In re Knight Publ'g Co.* 743 F.2d at 235; *Stone v. University of Maryland*

2

*Medical System Corp.* 855 F.2d 178 (4th Cir. 1988) (noting that the public's right of access to judicial records and documents may only be abrogated in unusual circumstances.).

The Court applied these standards to the case at hand and finds that Plaintiffs have not established that the financial information they seek to keep confidential outweighs the public's common law interest in accessing judicial records. The Petition does not contain reference to any proprietary information, trade secrets, or medical information. In addition, Plaintiffs' memorandum only states that sealing the Petition is the least restrictive means of protecting the settlement information. (Dkt. No. 29 at 2). The Petition does not explain why less drastic alternatives to sealing will not afford adequate protection. D.S.C. Local Civ. R. 5.03(A). In addition, Plaintiffs broadly assert that if the Petition is not filed under seal, the identity of the minor child may be revealed and the minor child may be harmed by unwanted media attention or by those who seek to influence the settlement. Yet, these are conclusory assertions that do not establish good cause for the Court to suspend or modify the Local Rule regarding secret settlements.[1] As such, the Plaintiffs' motion is denied.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion is **DENIED**. (Dkt. No. 29). Plaintiffs are instructed to file the unredacted Petition for Approval of Minor Settlement within seven (7) days of this Order.

**AND IT IS SO ORDERED**.

s/Richard Mark Gergel

---

[1] The Petition does not reveal the identity of the minor child as it only refers to the minor child by initials.

3

                                                      Richard Mark Gergel
                                                      United States District Judge

November 11, 2020
Charleston, South Carolina

4